In Special Term—GHOLSON J. presiding.

## S. CLOON JR. *vs.* THE CITY INSURANCE COMPANY et al.

In an action on a claim for services in the nature of salvage, all persons who have an interest in the boat, though liable only in proportion to their respective interests, may be properly joined as defendants.

Judgment will be rendered against each defendant, only in proportion to his interest.

The objection that there has been a misjoinder of causes of action, must be pointed out, as a cause of demurrer, or in the answer, as the case may require; if not so

done, it will be deemed to have been waived. And where such causes of actions affect several persons, the judgment, if it be otherwise proper or necessary, may be rendered against each separately.

This was an action brought by the plaintiff, as captain of a steamboat which was sunk in the Mississippi river, for services rendered, in saving and securing the boat after the disaster. Four of the defendants were insurers by different policies; the plaintiff claims, that there was an abandonment made to, and accepted by them, and they, therefore, became liable to him for the services rendered, from the time of the loss of the boat. These services are claimed to have been rendered in securing the hull, and taking the proper steps to have the boat raised. There is an interest in the boat of one-fourth part, which the plaintiff states in his petition was not abandoned to the Insurance Companies, and is now held by other defendants, who, though parties to the case, have not yet been brought into Court. A judgment is now asked against the four Insurance Companies, who are before the Court, and have answered for the whole amount of the plaintiff's claim.

GHOLSON, J.

The first question which arises is, whether the defendants are jointly liable to the plaintiff, and whether each is bound for the whole claim? On this point, the case of the United States Insurance Company *vs*. Scott and Seamon, (1 *Johns*. 106) appears to be a decisive authority. It is uncontradicted by any other, and stands on reason and principles which must be deemed sufficient. According to that authority, I feel bound to hold, that the plaintiff cannot have a judgment which will bind each of the defendants for the whole amount of his claim. They are

liable, if at all, for a proportion, equal to their respective interests in the vessels.

The question, then, arises, whether the plaintiff can proceed in the same action against the several defendants? Under our former system of practice, it would have been difficult to sustain an action at law in such a case. Under our new Code of procedure, it is a question of some novelty and difficulty. Though my first impressions were that the action could not proceed against all the defendants, and that the utmost the plaintiff could do, would be to take a judgment against one defendant for his proportion, and dismiss the case as to the others, it is my present opinion, after examining and reflecting on the provisions of the Code, that it may be done.

The 80th section of the Code provides, that the plaintiff may unite several causes of action, where they arise from, "the same transaction, or transactions, connected with the same subject of action," if "the causes of action so united affect all the parties to the action, and do not require different places of trial."

Now, it is certainly both proper and convenient, in such a case as the present, to allow the plaintiff to bring before the Court all the parties interested in the boat, and benefitted by the same acts of labor, and the same expenditures of money; ascertain their respective interests and compel each to contribute in proportion thereto. It may very properly be said to be the same transaction, and that each party is interested in having the rights of the others properly adjusted. I am required to give the Code a liberal construction, "to assist parties in obtaining justice," and, believing that the language authorizes such a joinder of cause of action as has been made in the present case,

I am satisfied that it is both convenient and just that it should be sustained. If, however, I should be mistaken in this, as a proper general rule, has not any benefit of an objection in respect of a misjoinder, been lost, by a failure to make it a cause of demurrer, or take it by answer? If a demurrer had been filed for such a misjoinder, and had been sustained, the 90th section of the Code requires the Court to allow the plaintiff to file several petitions, docket an action for each, and proceed without further service of process. If the objection had been taken by answer, the plaintiff would have been entitled to the same privilege. There is no part of the answers in this case, which I can construe into an objection of this kind.

The misjoinder of causes of action, must, therefore, according to the provision of the 89th section of the Code, be deemed to have been waived by the defendants. I must consider that they have assented to the rendition of a judgment against each of them separately, for any amount which may be found justly due on the evidence. if it be competent for the Court to render such a judgment in the same action.

There can, I think, be no doubt that it is competent for the Court to render such a judgment. It is provided generally, in section 37th of the Code, that "judgment may be given, for or against one or more of several plaintiffs, and for or against one or more of several defendants." I understand that provision, and others in the Code, to authorize the Court to mould their judgments to suit the justice of the case. If a separate action might have been maintained, then, a several or separate judgment is proper. (15 *Barb.* 528; 16 *Barb.* 42.)

.S. Cloon, Jr. *v.* The City Insurance Company et al.

There will be found many cases, especially such as under our former system would have been suits in equity, in which separate judgments against different defendants, for different amounts will be required. There may be inconvenience in extending such a practice to cases heretofore distinguished as actions at law, and in which a non-suit was the penalty of a misjoinder of plaintiffs or defendants. But it is very clearly the intention of the Code to do so, and I can see no reason why that intention does not embrace such a case as the present. If in a joint action against A. and B. where the proof shows that A. is liable on a claim stated for the sum demanded, and that B. is not, I can render a judgment for the plaintiff for the whole claim against A. and for B. against the plaintiff for costs, which it is clear may be done: why, if it appears that instead of a joint liability for the whole of the claim stated, A. is liable for one half and B. is liable for the other, may not a judgment be rendered against each, for the proper amount? It will be observed that in such a case as stated, in the present case, and indeed in every one which would be likely to occur, it is the same transaction; the same statement of facts; and in showing the liability of one, the liability of the other appears; but it is a several liability for a part, instead of a joint liability for the whole. In this view, no great inconvenience is likely to follow to the defendants, and the advantage to the plaintiff is manifest.

So far, therefore, as respects the form in which the action has been brought, I shall allow the plaintiff to proceed against all the defendants.

J. J. NIXON, for Plaintiff.

T. D. LINCOLN, and BATES & SCARBOROUGH, for Defendants.