This is an action to recover for a fire loss against five insurance companies on six separate policies, and is before the court on a separate demurrer by each of the five defendants to the amended petition.
The demurrers are on two grounds: That there is a misjoinder of defendants, and that separate causes of action against several defendants are improperly joined.
The policies of two of the companies cover the same property, and the claim is made that the policies of the other companies cover the same property. Bach policy contains the provision that the company issuing it shall not be liable for a greater proportion of any loss on. the property described than the amount thereby insured shall bear to the whole insurance covering said property, whether valid or not, or whether issued by a solvent or an insolvent company. One of the questions in the case, therefore, is as to the pro rata share of the loss to be borne by each company.
My first impression was that it is not proper to join these causes of action in the same petition, but after examining the authorities cited by counsel for plaintiff, I have come to the *126 conclusion that the joinder is proper. The following are the authorities cited: Cloon v. City Ins. Co., 1 Handy, 32; Seebern v. Meyer, 26 Bul., 147; Pretzfilder v. Ins. Co., 116 N. C., 491. This latter case is precisely in point. It was an action against five insurance companies on separate policies covering the same property. The section of the North Carolina code providing what causes of action may be united is precisely the same as Sections 5058 and 5059 of the Revised Statutes of Ohio, both providing that the plaintiff may unite several causes of action in the same petition when they include transactions connected with the same 'subject of action or contracts express or implied and that the causes of action so united must not require different places of trial, and except as otherwise provided must affect all the parties to the action. It was held in that case that where the plaintiff’s property was insured in several insurance companies, the contract with each containing the provision that the plaintiff’s right of recovery against each should be limited to the proportion of the loss which the amount of the policy issued by said company bore to the total amount of the insurance, it was no misjoinder, but essentially proper, that all the companies should be made parties defendant in one and the same action to recover for the destruction of such property by fire. The court say:
“There is no method to gauge accurately the pro rata loss of each company so readily as by one verdict and one apportionment, according to the varying amount of risk taken by each company. By their stipulation to apportion the loss, the companies have, to that extent at least, made the five policies, one contract. The amount of damages accruing upon each should be assessed and apportioned in one joint action.”
In this case the original petition made only the Lancashire Insurance Company a defendant, and was solely on the policy issued by that company. The company filed an answer, and in the third and fourth defenses set out the pro rata clause contained in its policy, and alleged that the property described in its policy was also covered by each of the policies- of the other four companies, and that each of said other policies contained a similar pro rata clause. Thereupon, by leave of court, the *127 plaintiff filed an amended petition making the other four companies parties defendant. As the action is brought for a loss against which all the companies insured, and as the determination of the right and liability of each company depends upon a correct adjustment of the rights and liabilities of the other companies, and therefore all the causes of action affect all the defendants, it seems to me they may be united in one action, under our code. I realize there may be some difficulty in trying all these causes of action together, but not as much, I think, as in trying them separately.
Kohn & Northup, for plaintiff.
Seney & Johnson, for the Lancashire Insurance Company and National Insurance Company.
Doyle <& Lewis, for remaining insurance companies.
Each demurrer is therefore overruled.