## ACTION AGAINST BOTH MASTER AND SERVANT.

Common Pleas Court of Hamilton County.

WILLIAM CORDES, ADMINISTRATOR, v. ROBERT H. DOEPKE ET AL.

Decided, May 19, 1917.

*Action for Injuries Negligently Caused—Both Master and Servant Made Defendants—Subsequent Election to Proceed Against the Servant —Does Not Give Right to Docket Separate Cause Against the Master—Such an Action Distinguished From Those Separately Brought Against Joint Tort Feasors—Where Judgment Against One Could Not be Pleaded in Bar as to the Other.*

1. After a motion to elect as to which defendant plaintiff will proceed against has been granted in an action where the plaintiff has sued both the master and servant, and the plaintiff elected to proceed against the servant, his request to have a separate cause of action docketed against the master will not be granted for the reason that there is no statutory provision permitting such procedure and for the further reason that in an action of this kind the most liberal construction of Section 11312, General Code, does not authorize this.

2. A petition against master and servant, which, upon its face, is not demurrable, but which, after the close of the plaintiff's case, is subject to a motion to elect, sets up but one cause of action, and it is not in the interest of justice, where a motion to elect has been granted and acted upon by the plaintiff, to permit the docketing of a separate cause of action against the party defendant who has been dismissed from the pending cause. The plaintiff could have originally sued the master and the servant separately, but a judgment in either suit could be pleaded in bar of the proceedings to the other suit. A suit of this kind is different from actions separately brought against joint tortfeasors where the judgment in the one suit can not be pleaded in bar and where both tortfeasors would be liable until a judgment against either has been satisfied.

*Simeon M. Johnson,* for the motion.
*Kramer & Bettman,* contra.

MAY, J.

The plaintiff in this case originally sued the Alms & Doepke Company, a corporation, and Robert H. Doepke, individually,

for the negligent killing of the plaintiff's intestate by the defendant, Robert H. Doepke, in the course of his employment as the servant of the Alms & Doepke Company.

At the first trial of this case, at the close of the plaintiff's testimony, a motion to elect, filed on behalf of each defendant, was, overruled, and a joint judgment was entered against both defendants, against whom the jury found a joint verdict.

The court of appeals, in the case of *Doepke* v. *Cordes,* case 600, court of appeals, reversed the case, holding that the court below erred in not granting the motion to elect.

At the second trial of the case, at the close of the, plaintiff's evidence, each defendant filed a motion to elect and the court granted the motion. The plaintiff, in accordance with the ruling of the court, elected to proceed against Robert H. Doepke and "at the same time moved the court to allow him to file a separate petition against the defendant, the Alms & Doepke Company, on the separate cause of action attempted to be set up against said company in the original petition and that a separate action be docketed against said defendant upon the filing of said petition."

The plaintiff contends that under Section 11312, General Code, his motion should be granted.

That section reads as follows:

"When a demurrer is sustained on the ground of misjoinder of several causes of action, on motion of the plaintiff the court may allow him, with or without costs, to file several petitions, each including such of the causes of action as might have been joined, and an action shall be docketed for each of the petitions, and be proceeded in without further service."

The plaintiff contends that under the decision of Judge Gholson, in the case of *Cloon* v. *City Insurance Company,* 1 Handy, 32, at 35, it is not too late to have his request granted after the motion to elect has been granted.

In that case Judge Gholson did say that where misjoinder had not been taken advantage of by demurrer, but by answer, the plaintiff would have been entitled to the privileges granted un-

der Section 90 of the code, which is practically Section 11312 of the General Code. The case that Judge Gholson had before him was a case directly covered by the statute, for the reason that the ground of misjoinder was the joining of the several causes of action. In the case at bar there is but one cause of action stated, based upon negligence of Robert Doepke while engaged in and about the business of the Alms & Doepke Company.

Counsel for plaintiff contends that there are two causes of action stated, one against Robert H. Doepke in trespass, and one against the Alms & Doepke Company, on account of negligence of Robert H. Doepke, its servant.

The evidence, in my opinion, showed only one cause of action, namely, that based upon the negligence of Robert H. Doepke.

The court of appeals was of the same opinion. Judge Gorman, speaking for himself and Judge Oliver B. Jones, said:

"It is claimed in this case that the injury to Cordes was the result of an act of trespass,: but a perusal of the petition does not disclose any averment of willful trespass or act of direct trespass, but the averments are that the injury was caused by the negligence, recklessness and carelessness of Robert H. Doepke. In other words, plaintiff's right to recover is bottomed not on trespass *vi et armis,* but upon culpable negligence, a failure to observe due care to avoid injuring Cordes.

"In this case, if the Alms & Doepke Company is liable at all, it must be upon the principle of *respondeat superior,* because it was the principal or master of Robert H. Doepke." * * *

Counsel for plaintiff, however, contends further that although they are not within the letter of Section 11312 of the General Code, they are within the spirit of that section, and cite in support of this proposition a decision of the circuit court, by Giffen, J., in the case of *Morris* v. *Anchor-Fire Ins. Co. et al,* 12 C.C. (N.S.), 79, where it was held:

"A liberal construction of the civil code in furtherance of justice requires that where separate causes of action against several defendants are improperly joined, the plaintiff be permitted to file a petition against each defendant as provided by Section 5064, Revised Statutes" (now G. C., Section 11312).

I have examined the record in that case, and it discloses the fact that there were separate causes of action against several defendants, each of which was independent and separate and based upon a different state of facts. That case was taken to the Supreme Court, but was settled and dismissed before the Supreme Court passed upon the merits of the case.

Conceding, for the sake of argument, that the decision in the Morris case is the law of this state, I am of the opinion that the principle there announced should not be extended beyond the facts of the case; that is to say, where separate causes of action are stated in a petition against several defendants. The principle there announced, even if it should be held that it may be invoked after a motion to elect has been granted, should not be extended to a state of facts where there is but one cause of action stated against each defendant, who can not be properly joined. If the Legislature had intended that' where a demurrer for misjoinder of parties defendant had been granted, that the plaintiff should be allowed to file a separate petition against the defendant wrongfully joined, it would have expressly stated it.

In the opinion of the court of appeals in the instant case, the court said:

"If a demurrer to the petition had been interposed on the ground of misjoinder of parties defendant, and sustained by the court, there would have to be a dismissal of the action. One of the parties could not be dismissed and the cause proceed against the other. True, a new action could be brought against either defendant, but the petition could not be amended so as to convert an action against joint tort feasors into an action against one only. The right to require the plaintiff to elect which of the defendants he desired to pursue, when at the close of the case it appeared from the evidence that there was no joint liability, was not waived by failure to demur or object by answer.

"The effect of granting this motion would not cause a dismissal of the action, as that right was waived by the failure to demur or set up the objection by answer, but it would result in a dismissal of one of the defendants and the cause could then proceed against the other."

It is earnestly urged, however, that in furtherance of justice the motion of the plaintiff should be allowed. But it is questionable whether this court would be furthering the interests of justice in granting the plaintiff's motion, even if there were authority to do so, for the reason that the plaintiff's right of action is against either Doepke, individually, as the servant of the Alms & Doepke Company, who committed the acts complained of, or against the Alms & Doepke Company, on the doctrine of *respondeat superior*. While it is true that the plaintiff could have filed separate suits against Robert H. Doepke and the Alms & Doepke Company, nevertheless it is a well settled principle of law that a judgment in the one suit could be pleaded as bar in the other suit because the parties are the same; that is, the party plaintiff is the same, and the party defendant in the one suit is privy to the party defendant in the other suit, and a case of this kind differs from a case in which the allegation is that two different parties have committed a tort to the person or property of the plaintiff and thus each would be individually liable. See *2 Mecham on Agency,* Section 2010, and cases cited. See especially, *Castle* v. *Noyes,* 14 N. Y., 329; *Anderson* v. *West Chicago Street R. R. Co.,* 200 Ill., 329.

The plaintiff in this case is not deprived of any substantial right by refusal to grant this motion, because the servant in this case is well able to satisfy any judgment the plaintiff may recover against him.

For these reasons, the motion of the plaintiff to have docketed a separate cause of action against the Alms & Doepke Company will be overruled.