M. PRETZFELDER & CO. v. MERCHANTS' INSURANCE
COMPANY et al.

*Practice—Joinder of Actions—Action Against Several
Insurance Companies—Arbitration—Failure of Arbitrators to Agree.*

1. Where plaintiff's property was insured in several insurance companies, the contract with each containing the provision that plaintiff's right of recovery against each should be limited to the proportion of the loss which the amount of the policy issued by each company. bore to the total amount of insurance, it was no misjoinder, but essentially proper, that all the companies should be made parties defendant in one and the same action to recover for the destruction of such property by fire.

2. In such case the verdict " affects all parties to the action " and the joinder is permissible under Section 267 of *The Code.*

3. Where arbitrators, or a majority of them, fail to agree upon an award, and the parties cannot agree upon other arbitrators, they are relegated to their legal rights and an action may be maintained.

CIVIL ACTION, heard before *Hoke, J.,* at August Term, 1894, of GUILFORD Superior Court, on demurrer to the complaint.   The action was brought against several insurance companies whose policies the plaintiff held, to recover for the damage done to his stock of goods by fire.

After alleging the issuance of the policies by the defendant companies and the fire which occasioned the loss and damage, the complaint further sets out the following :

"9. That immediately after the fire plaintiff notified the defendant companies thereof through their agent, R. G. Glenn, and the said Glenn at once notified each defendant, and thereafter, to-wit, on the 11th day of March, just two days after the fire, the defendant companies, each and all of

them, had their adjusters in Greensboro to inspect, examine and adjust the loss to plaintiff.

"10. That by the time the said adjusters arrived in Greensboro the plaintiff had collected together the goods that were damaged as aforesaid, and had classified the same, putting boots and shoes in separate places, oil-cloth, carpets and trunks, rugs, valises, gents' furnishing goods and notions and cloaks also, in separate and distinct parcels for convenient and intelligent examination by the adjusters, whom he was expecting, and on their arrival plaintiff pointed out the said damaged parcels to the adjusters, who inspected the same, giving them every aid in his power to enable them to make a just estimate of his loss; and plaintiff showeth that he and the adjusters were unable to agree upon the damages sustained by the plaintiff, and therefore on the demand of the defendant companies for an arbitration, as provided for in the policies to fix the amount of the damages to plaintiff, a board of arbitrators was organized, and the arbitrators entered upon the duty of examining and fixing the damages, and after proceeding to some extent with a few of the parcels some disagreement arose between them, and they refused to go on, and broke up without making any award, and could not be got to resume their work, although urged by plaintiff so to do.

"11. That said miscarriage of the arbitrators having occurred on the 11th of March, and plaintiff being very anxious to have his loss definitely settled, and whilst the damaged goods were classified and in a situation to be intelligently viewed, he proposed to the adjusters to arrange a new board of arbitrators and let the damage be ascertained; but this reasonable request the defendants refused, unless plaintiff would allow them to retain on the new board the men they had chosen and who had acted with and on the disbanded board aforesaid, and plaintiff being

unwilling to such an unfair advantage in defendants' favor,. refused to assent to their terms and insisted on a new board out and out, but defendants declined and broke up and went away on the 12th, claiming an award from the board already organized without any notice of a purpose ever to return, and stayed away until the 18th of March, 1890, when three adjusters came back and proposed to plaintiff to organize a new board, which plaintiff had urged upon them and they had refused as aforesaid.

"12. To this last proposition for a new board coming from defendants a week and more after they had declined the same proposition of the plaintiff, the plaintiff refused to assent for the reason that by the time the adjusters of defendants having gone away and left no notice of a purpose to return, but insisting on an award from the board before that time organized, he had supposed they would never return, and in that state of things he had dried, brushed and sunned the damaged articles and otherwise worked with them as best he could, and then it was impracticable to select and get together again the damaged articles which had been intermixed in a large stock of goods throughout the store and classify them again so as to be intelligently inspected and with any prospect of a fair estimate of the damages sustained.

"13. Plaintiff, further complaining, showeth that at the time the adjusters were here he had classified and on the counter, shoes and boots, the damages to which was $500 ; cloaks, damaged $500 ; oil cloth, carpets and trunks, damaged $200 ; rugs and valises damaged $100 ; fans damaged $75, and gents' furnishing goods and notions $275 ; and to all these the said adjusters had access and knew of the amount of damages claimed on each class and parcel, and they said and knew that they were greatly damaged and they made no question with plaintiff except as to the ques-

tions of the damages, which then could have been and would have been easily admitted if defendants would have assented to the organization of a new board of arbitrators as proposd by plaintiff and urged by him as hereinbefore set forth.

"14. That the defendant companies stipulated in their said policies that each of them should not be liable for a greater proportion of any loss sustained by the plaintiff than the sum insured in each bears to the whole sum insured on the goods, and under the provision of the policies the plaintiff claims that the amount to be borne by each shall be ascertained and paid by said companies absolutely. Plaintiff, further complaining, showeth that he kept and performed on his part all the conditions, agreements, stipulations and requirements required of him in said several policies in all respects, at all times, and in all things, according to the true intent and meaning thereof, except in the particular that he did not make and send forward proofs of loss, for the reason that defendants, by their adjusters, saw the damaged goods, arranged and classified, aforesaid, with every explanation desired of him, and waived said proofs by the arbitration begun, and by the acts and conduct of their said adjusters on the occasion of the refusal of the arbitrators to go on and make their award, which acts and conduct are hereinbefore set forth."

The defendants demurred to the complaint upon the following grounds:

"*First.* That several causes of action have been improperly united, one being an action against the Merchants Insurance Company, of Newark, for a loss under a policy of insurance issued to him by that company; another being an action against the North British and Mercantile Insurance Company for a loss under a policy of insurance issued to him by that company, another being an action againt the Western Assurance Company, of Toronto,

Canada, for a loss under a policy of insurance issued to him by that company; another being an action by the plaintiff against the Virginia Fire and Marine Insurance Company for a loss under a policy of insurance issued to him· by that company; another being an action by the plaintiff against the Rochester German Fire Insurance Company for a loss under a policy of insurance issued to him by that company.

"*Second.* That the complaint does not state facts sufficient to constitute a cause of action, in that while it admits that proof of loss was required by the policy issued by this company to be furnished by the plaintiff to said company, no proof of loss has been so furnished and no sufficient excuse for not furnishing it is given, and the excuse which is alleged in the complaint is insufficient in law."

Another ground of demurer was "that an award or appraisal, when demanded, is another precedent to an action or recovery by the plaintiff; that such award or appraisal was demanded by the defendants; that appraisers were appointed, but failed to make an award; that the plaintiff Pretzfelder refused to enter upon another appraisal or arbitration, unless the defendants would select different appraisers or arbitrators; that afterwards the defendants proposed to enter upon another appraisal or arbitration, selecting different appraisers or arbitrators, which was then refused by the said Pretzfelder; that there has been no award or appraisal before this action was commenced."

The demurrer was overruled and defendants appealed.

*Messrs. Dillard & King* and *Jas. E. Boyd,* for plaintiff.
*Messrs. MacRae & Day* and *J. W. Hinsdale,* for defendants ( appellants. )

CLARK, J. :   The plaintiff was insured in several companies, the contract with each containing the provision that

the plaintiff's right of recovery against each was limited to the proportion of the loss which the amount named in the policy of each company should bear to the whole amount insured.    It is not only no misjoinder, but essentially proper that all the companies should be made parties defendant.   If each company should be sued separately, not only would the same proposition of law arise and the same evidence be gone over in five different actions at an expense of five times the amount of court costs, and much needless consumption of the time of the courts, but as the trial would be before five different juries the loss might be assessed at five different amounts.    There is no method to gauge accurately the *pro rata* loss of each company so readily as by one verdict and one apportionment, according to the varying amount of risk taken by each company.    By their stipulation to apportion the loss the companies have, to that extent at least, made the five policies one contract, the amount of damages accruing upon which should be assessed and apportioned in one joint action.    Adams' Eq., 200 ; 1 Pomeroy Eq. Jur., Section 245, 274; *Black* v. *Shreeve*, 3 Hals, Ch. 440, 456.    The verdict necessarily " affects all parties to the action."    The joinder is therefore within the purview of *The Code*, Sec. 267.    *Hamlin* v. *Tucker*, 72 N. C., 502 ; *Young* v. *Young*, 81 N. C., 91; *Heggie* v. *Hill*, 95 N. C., 303.    Where there is a misjoinder of causes of action, the court may allow the action to be divided ; ( *Code*, Sec. 272, *Hodges* v. *Railroad*, 105 N. C., 170 ) or, where there is a misjoinder of parties, the court in its discretion can do the same ( *Code*, Sec. 407, *Bryan* v. *Spivey*, 106 N. C., 95 ); but, here, there is neither misjoinder of parties, nor of causes of action.

The arbitrators were appointed but disagreed and refused to go on, and finally broke up without making an award. Subsequent attempts to agree upon another board failed.

The parties were thus relegated to their legal rights, and the action can be maintained. *Brady* v. *Ins. Co.*, 115 N. C., 354. Indeed, as intimated in that case, we think the proper rule is laid down in *Ins. Co.* v. *Holking*, 115 Pa., 416, that where the arbitrators, or a majority of them, fail to agree upon an award, the plaintiff (unless he is shown to have acted in bad faith in selecting his arbitrator) is not compelled to submit to another arbitration and another delay, but may forthwith bring his action in the courts.

No Error.