# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### VIRGINIA–CAROLINA CHEMICAL CO. v. HOME INS. CO. OF NEW YORK et al.

#### (Circuit Court of Appeals, Fourth Circuit. February 4, 1902.)

#### No. 415.

1. FEDERAL COURTS—JURISDICTION—CITIZENSHIP—ANCILLARY SUIT.

Several insurance companies separately issued policies on the same property of V., providing for proportional liability only for any loss, and V. brought separate actions at law thereon against them in a state court. The state court refused a motion to transfer the cases to the federal court; but in all of them, except one, in which there was involved less than $2,000, the amount necessary to give the federal court jurisdiction, complete records were reasonably filed in the federal court, which refused motions to remand. *Held*, that a bill in the federal court to enjoin further prosecution of the actions at law there or elsewhere, and to have the liability of the insurers determined and adjusted in equity under such bill, was ancillary to the actions at law, so as to be maintained without regard to the citizenship of the parties.[1]

2. EQUITY JURISDICTION.

Equity has jurisdiction, on the ground of inadequacy of remedy at law, to enjoin separate actions by insured against several insurers, and have their liabilities determined under the bill; their defenses being the same, and their liabilities, if any, proportional.

3. EQUITY—MULTIFARIOUSNESS.

A bill by certain insurers to restrain separate actions at law by insured against them and other insurers on their policies, under which their liability, if any, is proportional, and to which actions the same defense is interposed, and to have their liabilities determined in equity under the bill, is not multifarious; all the insurers having a common interest in defeating the claims of the insured.

4. FEDERAL COURTS—JURISDICTION—AMOUNT INVOLVED.

Where separate actions at law by insured against insurers on policies to which the same defense is interposed, and under which the liability, if any, is proportional, are removed to the federal court, with the exception of one in which the amount involved is not enough to give it jurisdiction, prosecution of this action, as well as of the others, may be

---

[1] Supplementary and ancillary proceedings and relief in federal courts, see note to Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 36 C. C. A. 195.

enjoined by a bill in the federal court to have the liabilities of insurers determined and adjusted by such court as a cou⟶ of equity under such bill.[2]

Appeal from the Circuit Court of the United States for the District of South Carolina, at Charleston.

H. A. M. Smith, for appellant.

Augustine T. Smythe and Alexander C. King, for appellees.

Before GOFF, Circuit Judge, and JACKSON and PURNELL, District Judges.

JACKSON, District Judge. This case is now heard upon an appeal from the circuit court of the United States for the district of South Carolina. 109 Fed. 681. A bill was filed by the Home Insurance Company of New York and the German-American Insurance Company of New York against the Virginia-Carolina Chemical Company and 14 insurance companies, who were made defendants to the bill. The defendant the Virginia-Carolina Chemical Company had prior to the filing of this bill instituted actions at law in the court of common pleas of Charleston county, S. C., against each and all of its codefendants. Motions were made in each case before that court to transfer the several cases to the circuit court of the United States for the district of South Carolina, which were overruled, and the court retained the cases. Notwithstanding the refusal of the court of common pleas to transfer the several cases, the plaintiffs in this action, under the act of congress, seasonably took out the records in each case and filed them in the clerk's office of the United States court for the district of South Carolina, to be further proceeded therein before the circuit court of the United States. The object and purpose of this bill is to restrain the defendant insurance companies from the prosecution of these suits on the law side of the United States court, as well as elsewhere, to avoid a multiplicity of suits, and to have the cases all heard before the federal tribunal. The validity of these various policies of insurance is assailed for the reason that they were procured by fraud, misrepresentation, and concealment of the true value of the property insured; that the representations of the insured as to the value of the property were largely in excess of its value; that the various insurance companies, relying upon the good faith of the Virginia-Carolina Chemical Company, issued the policies upon the representation made by the defendant company. Various other grounds of relief are set up in the bill, which we deem it unnecessary to consider at this time, for the reason that the issues raised by the plea and demurrer of the defendants refer largely to so much of the bill as we now have under consideration.

The plea raises the question of jurisdiction, and the right of the plaintiffs in this action to maintain this case in the circuit court of the United States for the district of South Carolina, for the reason

[2] Jurisdiction of circuit courts as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75, and Shoe Co. v. Roper, 36 C. C. A. 459.

that the plaintiffs are citizens of New York, and the defendant the Virginia-Carolina Chemical Company is a corporation of the state of New Jersey. If this were an independent and original bill, the ground raised by the plea, possibly, would be fatal to the maintenance of this action; but it is not an original bill. It is an ancillary proceeding to the actions at law pending on the law side of the court. It is, however, claimed that, inasmuch as this is an ancillary proceeding, the circuit court of the United States has full jurisdiction, without regard to citizenship, to furnish relief in the controversies on the law side of the court. The supreme court, in the case of Freeman v. Howe, 24 How. 460, 16 L. Ed. 752, held that:

"A bill on the equity side of the court to restrain or regulate judgments or suits at law in the same court, and thereby prevent injustice or an inequitable advantage under mesne or final process, is not an original suit, but ancillary and dependent, supplementary merely to the original suit out of which it has arisen, and maintained without reference to the citizenship or residence of the parties."

In this case there are 14 original suits on the law side of this court, which the bill seeks to restrain and regulate, and to prevent any action that might work injustice to these defendants in the law actions. In the case of Dewey v. Coal Co., 123 U. S. 329, 8 Sup. Ct. 148, 31 L. Ed. 179, which was tried before the writer of this opinion, a suit was brought in the state court on the law side thereof, and removed to the United States court. After the removal of the case a cross bill was filed, raising certain questions to be litigated in the chancery proceedings. Objection was made that the court had no jurisdiction of the case, for the want of diverse citizenship, as appeared from the face of the bill. This objection was overruled by the court below, and the supreme court held that the objection was not well taken; the equity suit being the exercise of jurisdiction by the circuit court ancillary to that which it had already acquired in the action at law, which it might well entertain according to the rule in Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145; Pacific R. Co. v. Missouri Pac. Ry. Co., 111 U. S. 505, 4 Sup. Ct. 583, 28 L. Ed. 498; Dewey v. Coal Co., 123 U. S. 329, 8 Sup. Ct. 148, 31 L. Ed. 179. Without further discussing the question of jurisdiction, we are of the opinion that the cases already cited dispose of that question, and that the bill filed in this case is properly an ancillary proceeding to the law actions, and for this reason we overrule the exceptions taken by the appellants to the jurisdiction of the court.

The main object and purpose of this bill is to prevent a multiplicity of suits, all involving the same legal questions, founded upon similar issues of fact; and for this reason in its nature it is ancillary to the actions at law. All the suits brought by the Virginia-Carolina Chemical Company against the various defendants seek to litigate the same legal right, and the legal liability of the defendant companies, if any there be, is the same; the only difference being the amounts involved in the various policies. The plaintiff, the Virginia-Carolina Chemical Company, in the actions at law sets up a common demand against all the defendants. The object and pur-

pose of this bill is to determine the liability of the different defendants in a court of conscience, and, if the court should reach the conclusion that there is a liability on each of the policies mentioned, then the question would be, what is the extent of the liability? It is apparent from the policies in this case that, if there is any liability at all, then under the condition of the various policies the same must be apportioned, and in order to do that a reference should be made to a master to ascertain the amount of liability upon each policy. But, if the court should reach the conclusion that these policies were issued upon a false state of facts as to the value of the property insured, and that the insured could not recover upon them, then, under the terms and conditions of the policies, a court of equity, in the exercise of its powers, would enjoin the plaintiff on the law side of the court from the further prosecution of its demands.

This action might seem to savor of proceedings upon an original bill. Yet it is not an original bill; but, as we have said, it is an ancillary proceeding, founded upon proceedings at law, and, in fact, is but a mere continuation of them. If the cases at law were properly removed and transferred to the federal tribunal, then the bill, being an ancillary proceeding founded upon the pending law cases, derives its jurisdiction from the existence of those cases. It is claimed, however, that the proceedings are still pending in the state court. It is a matter of no importance whether they are or not, so far as this question is concerned. It is conceded that the motions to remove these cases were made, and that complete records in each case were filed in time in the federal court. It appears that motions to remand were made in the several cases before that tribunal, and that the court overruled the same. The judgments of the court in the several cases are still in full force and not appealed from, leaving all the cases to be tried before that tribunal; but, even if the orders refusing to remand the cases were appealed from, the only effect of the appeal would be to suspend all action in the court below until the appeals could be heard. The act of congress has been fully complied with in the transfer of the cases, and, the court having refused to remand them, they are by operation of law pending in the United States court, and any effort upon the part of the Virginia-Carolina Chemical Company to prosecute these suits in the federal or state courts is a violation of the injunction under the circumstances of this case. This court does not seek, nor does it claim the right, to restrain the state court itself from hearing the case of the Virginia-Carolina Chemical Company against the various defendants; but it holds that where the cases have been legally and properly removed from the state court to a federal court, which refused to remand the cases, the federal court has a right to restrain the defendant the Virginia-Carolina Chemical Company from the further prosecution of its actions at law in any court until the questions can be heard and determined in the ancillary proceeding. The cases removed are now pending and wholly within the jurisdiction of the federal court, and the state court has lost its jurisdiction. So far, then, as the question of the

jurisdiction of the court is raised and presented by the pleadings in this case, we reach the conclusion that this bill can be maintained, for the reason that the remedy at law is inadequate and incomplete, and that the action of the court below in overruling all the exceptions to the jurisdiction must be sustained.

But exceptions are taken to the bill on the ground that it is multifarious. If we look to any general rule to determine whether or not a bill is multifarious, we answer that there is no inflexible rule or test by which to determine that question. It depends entirely upon the allegations of the bill and the facts set up in it. If it appears from the face of the bill that the defendants have the same defense, arising from a common interest in the matter of litigation, and that by one comprehensive suit in equity all the rights and interest of the defendants can be determined as between them and the Virginia-Carolina Chemical Company, then a bill in equity can be maintained. De Forest v. Thompson (C. C.) 40 Fed. 375; 1 Pom. Eq. Jur. pars. 245–269, inclusive; Jones v. Andrews, 10 Wall. 327–333, 19 L. Ed. 935. There are a number of authorities cited in the brief of the appellee to sustain this position, but we deem it unnecessary to discuss them. It appears from the face of the bill that there are 14 different actions brought by the Virginia-Carolina Chemical Company against these defendants. Equity has jurisdiction to prevent a multiplicity of suits, and to protect the defendants from unnecessary expense, though the Virginia-Carolina Company, so far as it is concerned, has an adequate remedy at law.

The question presented by the demurrer in this case is whether or not all the defendants can be joined in one suit. This bill upon its face alleges that the defendants have a common interest in the questions involved, though their liability may be different. If it appeared from the face of the bill that there was not a common interest in the subject of litigation, and that there was no connection the one with the other, then the exception taken to the bill should be sustained. But, as we have seen, all the defendant insurance companies have a common interest in defeating the claims of one party, the plaintiff in the actions at law. On one side is the Virginia-Carolina Chemical Company, the plaintiff in the actions at law, while on the other side are the 14 insurance companies, who deny their liability to the Virginia-Carolina Chemical Company upon their policies of insurance.

Another exception taken to the bill is that the allegations made in it are inconsistent, having a double aspect. In the view that we take of this bill we must dissent from that position. It is true that there is a prayer in the alternative, and it is equally true that the prayer of the bill may be considered as to whether it is multifarious or not. It is a well-settled principle that, when the pleader is in doubt as to the kind of relief that the complainant should have upon the bill, he may frame the prayer in the alternative, so that the court may grant whatever relief he is entitled to upon the facts stated. Story, Eq. Pl. par. 42. There are a number of authorities cited in the brief of the appellee to sustain this position, but we deem it unnecessary to refer to or discuss them. To support this

position we find in 3 Enc. Pl. & Prac. 364, a number of cases cited, which sustain the principle as laid down by Judge Story in his Equity Pleading. Mr. Justice Harlan, of the supreme court, announced in Hardin v. Boyd, 113 U. S. 756, 5 Sup. Ct. 771, 28 L. Ed. 1141, "that the ends of justice must not be sacrificed to mere form or by too rigid an adherence to technical rules of practice."

It will be observed that we have so far disposed of all the errors assigned by the appellant, except the third, which states that the circuit court of the United States for the district of South Carolina can take no jurisdiction, either by original process or by removal, of the London Assurance Corporation, for the reason that the amount involved is less than $2,000, the jurisdictional amount of the United States court. It appears from the allegations of the bill that the London Assurance Corporation is one of 16 companies that issued policies of insurance upon the property of the Virginia-Carolina Chemical Company to the amount of $78,210. The twelfth paragraph of the bill alleges that by the terms of each of the insurance policies issued by the various companies upon the property described it was provided no company shall be liable under its policy for a greater proportion of any loss on the described property than the amount insured by each policy should bear to the whole insurance. This allegation of the bill, upon a demurrer to it, must be admitted as true; and, if true, it establishes such a relation between the 16 companies that insured this property as creates a liability, if the policies are valid, which can be better and more readily ascertained by a reference to a master to fix. For this reason it was proper that the London Assurance Corporation should be made a defendant to this bill, not only that the plaintiffs in this action, but all of the insurance companies who insured this property, should be protected in their rights from unjust and vexatious suits at law. It is a well-recognized principle in equity that a court of equity will entertain jurisdiction to prevent an unjust and unfair use of a resort to a court at law by a party which would deprive other parties of their just rights or subject them to vexatious suits. We are of the opinion that there is no error in the court below in awarding this injunction against the London Assurance Corporation.

We have now considered and disposed of all the assignments of error to the judgment of the court below. We fully concur in the able and exhaustive opinion of the learned judge of the court below, and find no error presented in the record.

Affirmed.