HYMAN FEGELSON v. NIAGARA FIRE INSURANCE COMPANY and Others.[1]

May 12, 1905.

Nos. 14,256—(69).

**Insurance—Joining Several Causes of Action.**

Each of six defendants issued to the plaintiff its policy insuring him against loss by fire of his goods. Each policy was of the Minnesota standard form, and contained a provision to the effect that the liability of the insurer should be limited to the proportion of the loss which the amount of its policy bore to the total amount of valid insurance on his property. He sustained a partial loss, and each defendant denied any liability on its policy, and he brought this action against all of them for the purpose of having the liability of each determined. The defendants severally demurred to the complaint on the ground that several causes of action were improperly united. *Held,* that the demurrer was correctly overruled.

[1] Reported in 103 N. W. 495.

Appeal by defendants, Niagara Fire Insurance Company, Lafayette Fire Insurance Company, Traders' Insurance Company and New York Fire Insurance Company from an order of the district court for Ramsey county, Bunn, J., overruling their demurrer to the complaint. Affirmed.

*M. H. Boutelle* and *N. H. Chase,* for appellants.

*O'Brien & Albrecht,* for respondent.

START, C. J.

The plaintiff brought this action against six fire insurance companies to recover on six separate policies of insurance covering his stock of merchandise, furniture, and fixtures, each company issuing one policy. The complaint alleges, in effect, that each of the defendants is a foreign corporation doing a fire insurance business in this state; that at the time of the issuing of each of the polices and until the loss thereunder the plaintiff was engaged in business in the city of St. Paul, and owned a stock of merchandise and store furniture and fixtures; that before February 24, 1904, each of the defendants issued to the plaintiff its policy of insurance, whereby it insured the plaintiff against loss or damage by fire of his merchandise, furniture, and fixtures for the time and to the amount stated in its policy; each of the policies was of the Minnesota standard form required by section 53, c. 175, p. 417, Laws 1895, and by its terms allowed concurrent insurance without limit; that while all of the policies were in force, and on February 24, 1904, the property insured by the policies was in part destroyed and injured by fire, the total loss and damage being the sum of $6,366.25; that the plaintiff made due proof of his loss under each policy, but each of the defendants refused to pay any part of the loss, and claims that it is not liable upon its policy therefor; and, further, that the amount of the liability of each defendant for such loss depends upon the liability of the other defendants, and that to adjust the respective liabilities of the defendants it is necessary at the same time to determine the liability of each, and for this reason, and to prevent a multiplicity of suits, it is necessary to join all of the defendants in this action. The prayer of the complaint is that the court will ascertain the facts and the amount of the plaintiff's loss, and the proportionate share thereof of each defendant, and award judgment accordingly.

Two of the defendants answered the complaint, but the other four

severally demurred to it on the grounds that it does not state facts sufficient to constitute a cause of action, and that several causes of action are improperly united. The defendants appealed from an order of the court overruling their demurrer. It is here conceded by them that the case of Kelly v. Liverpool & L. & G. Ins. Co., supra, page 141, is decisive against them of the question raised by their first ground of demurrer. The complaint states facts constituting a cause of action.

The sole question, then, for our decision is whether several causes of action are improperly united in the complaint. Each of the policies contained the following provision, namely:

> If there shall be any other insurance on the property insured, whether prior or subsequent, the insured shall recover on this policy no greater premium of loss except in case of total loss on buildings sustained than the sum hereby insured bears to the whole amount insured thereon.

It may be conceded that this pro rata liability provision does not make the liability of the respective companies a joint one, and that the liability of each is several, to be determined by the terms of its own contract. Bardwell v. Conway, 118 Mass. 465; Hanover v. Brown, 77 Md. 64, 25 Atl. 989, 27 Atl. 314. This, however, is not determinative of the question whether several causes of action are improperly united in the complaint, for separate causes of action may be so united in exceptional cases. Does this pro rata provision, which is common to all of the policies, bring this case within any well-recognized exception to the general rule that several causes of action to enforce the separate liability of several defendants cannot be joined in the same complaint? We are of the opinion that the question must be answered in the affirmative. The pro rata provision limits the liability of each insurer to the proportion of the loss which the amount of insurance named in its policy bears to the aggregated amount of insurance named in all of the enforceable policies on the property. We say "enforceable policies" advisedly, for the provision under consideration specifically makes "the whole amount insured" one of the essential factors in determining the liability of each insurer on its policy. This necessarily implies valid or enforceable insurance, not simply insurance in form, whether valid or not. It follows that the several policies set out in the

complaint are not wholly independent of each other, for they are so far correlated that by the express stipulation of each the extent of the liability assumed in each is to be measured by the total amount insured by all of them.

It is necessary, then, in order to determine the amount which the plaintiff is entitled to recover against each of the defendants herein, to determine conclusively as against each two questions in which there is a community of interest among all of the defendants, namely, the amount of the plaintiff's loss and the amount of his valid insurance upon the property lost or damaged by fire. When these essential and precedent questions are determined, the ascertainment of the amount of the liability of each defendant is simply a matter of mathematics, for the liability or nonliability of each defendant on its policy is necessarily conclusively determined when the total amount of the valid insurance is established. A verdict or decision on the question as to the amount of the loss and the total amount of the insurance necessarily affects and binds all parties to the action, and they have a community of interest therein. Now, if the plaintiff cannot bring all of the defendants into one action, and have these questions determined as a basis for accurately and conclusively ascertaining the pro rata liability of each insurer for his loss, he is without any certain, speedy, adequate, and convenient remedy in the premises, and he is remitted to the uncertain remedy of a multiplicity of suits. If a separate action against each defendant be his only remedy, he must bring six actions, instead of one, in each of which the same evidence on the two essential questions must be gone over, and the law applicable thereto determined, with the not improbable result that the amount of his loss and the amount of his valid insurance will be fixed at a different amount in each case. Such a remedy is neither certain nor adequate, depending as it does upon the aggregate result of a multiplicity of vexatious actions.

It is clear upon principle and authority that equity has undoubted jurisdiction to prevent the necessity for such a multiplicity of actions and to afford the plaintiff a certain and adequate remedy. "Courts of the highest standing and ability have repeatedly interfered and exercised this jurisdiction, where the individual claims were not only legally separate, but were separate in time, and each arose from an entirely separate and distinct transaction, simply because there was a commun-

ity of interest among all the claimants in the question at issue and in the remedy." 1 Pomeroy, Eq. Jur. § 269; City of Albert Lea v. Nielsen, 83 Minn. 246, 251, 86 N. W. 83; Pretzfelder v. Insurance Co., 116 N. C. 491, 21 S. E. 302; Virginia-Carolina v. Ins. Co., 113 Fed. 1, 51 C. C. A. 21; Tisdale v. Three Insurance Companies, 84 Miss. 709, 36 South. 568.

It is true that the issue tendered by the answers of the several defendants may not be identical, but such contingency does not affect the equitable jurisdiction of the court to bring all of the defendants into one action for the determination of the essential questions in which all of them have a community of interest, and thereby prevent a multiplicity of suits. Having jurisdiction, the court will grant full relief. The court has ample power to protect the interests of all the parties. It is difficult to suggest any good reason why the procedure adopted by the plaintiff in this case should not be sustained. We hold that several causes of action are not improperly united in the complaint, and that the order overruling the demurrer was correct.

Order affirmed.