Kinkead, J.;
Bigger, Rathmell, Evans and Rogers, JJ., concur.
The case was submitted upon demurrer to the petition for misjoinder of causes of action. Plaintiff unites causes of action upon two separate contracts of insurance made by plaintiff with two insurance companies upon the same property.
.The petition in this case, and each cause of action thereof, contains the following averment:
“Plaintiff says that he effected other insurance on the above-described property to the amount of $2,000 with the other defendants herein, German-American Insurance Company and German Alliance Insurance Company; that said policy issued by said defendant, Citizens Fire Insurance Company, specifically provided that permission was given in said policy for other insurance ; that said policy issued by said defendant, Citizens Fire *211 Insurance Company, provided therein that said company should not be liable for a greater proportion of any loss on the property above described than the amount of said policy issued by said defendants, Citizens Fire Insurance Company, should bear to the whole insurance upon said property.”
It is urged in opposition to the demurrer that the above allegation justifies the joinder of the two causes of action against the different companies; that the joinder is proper because the contracts of insurance made by plaintiff with the German American Insurance Company and the German Alliance Insurance Company provided that the insured may obtain other.insurance upon the property, 'and because each of the policies contains the provision as to proportionate liability.
The court on a previous hearing overruled the demurrer and held that the causes were properly joined.
This conclusion wias at variance with the decision of Bigger, J., in Superior Mantle Co. v. Underwriters Mutual Fire Ins. Co., 4 O. L. R., 432 (17 O. Dec., 118). Upon application a rehearing was granted and the question has been re-examined by the writer of this opinion. And upon request of counsel and because of the importance of the question -as a rule >of practice, the matter was taken up and considered by all the members of this court. The concensus of opinion is that the rule of decision by Bigger, J., in case above cited should be adhered to, and the demurrer to the petition for misjoinder of causes is, therefore, now sustained.
The ruling previously announced permitting the joinder was based upon the precedent established in Fegelson v. Insurance Co., 94 Minn., 486, and Pretzfelder v. Insurance Co., 116 N. C., 491, which sustain the right of joinder in such cases. The reasons upon which these two courts sustain the joinder appeals strongly to one’s sense of justice, resulting in the settlement of the loss sustained in one trial, where practically the same evidence, and possibly the rules of law may be the same.' The grounds upon which the decisions are based are because the contract with each company contains the provision that the *212 plaintiff’s right of recovery against each is limited to the proportion of the loss which the amount named in the policy of each company should bear to the whole amount insured; and because by a separate action on each policy the same proposition of law would arise and the same evidence would be gone over in the different oases, adding costs, and at needless consumption of the time of the courts. These decisions argue also that there is no method to gauge accurately the pro rata loss of each company so readily as by one verdict and one apportionment according to the varying amount of risk taken by each company. It is said that:
“By their stipulation to apportion the loss the company have to that extent at least, made the five policies one contract, the amount of damages accruing upon which should be assessed and apportioned in one joint action.”
In the Minnesota decision it is considered that the joinder is proper because it is necessary in order to determine the amount which plaintiff is entitled to recover against each defendant, to determine conclusively as against each company two questions in which there is a community of interest among all the defendants, namely, the amount of the plaintiff’s loss and the amount' of his valid insurance upon the property lost or damaged by fire. It is considered that if the insured can not bring all the companies into one action, and have these questions determined as a basis for accurately and conclusively ascertaining the pro rata liability of each insurer for his loss, he is without any certain, speedy, adequate and convenient remedy, and he is remitted to the uncertain remedy of a multiplicity of suits. The remedy by separate suits is claimed to be neither certain nor adequate, depending upon the aggregate result of a multiplicity of vexatious actions.
In the North Carolina case the court considered that “By their stipulation to apportion the loss the companies have to that extent at least made the five policies one contract, the amount of damages accruing upon which should be assessed and apportioned in one joint action.”
*213 The complaint in the case of Fegelson v. Insurance Co., 94 Minn., 486, prayed that the court will ascertain the facts and the amount of the plaintiff’s loss, and the proportionate share thereof of each defendant, and award judgment accordingly. The'parties evidently were endeavoring to make the causes of action equitable in nature.
Such a conception of a case of this kind when properly presented by a petition in that form finds favor with some of the members of this ootirt.
But the joinder of causes of action in equity are to be measured by the same tests as those at law. And the violation of each primary contractual right gives rise to separate causes of action, and 'causes of action for the violation of separate contractual rights can not be united in the same petition, unless they come within- the statute and arise out of the same transaction, or are connected with the subject of the action.
The Minnesota decision, however, contains a quotation from Pomeroy’s Eq. Jur., Section 269, to the effect that: “courts of the highest standing and ability have repeatedly interfered and .exercised this jurisdiction (to prevent multiplicity of actions), where the individual claims were not only legally separate, but were separate in time, and -each arose from an entirely separate and distinct transaction, simply because there was a community of interest among all claimants’ in the question at issue and in the remedy.”
This decision concedes that the pro rata liability provision does not make the liability of the respective companies a joint one, and that the liability of each is several, to be determined by the terms of its own contract (94 Min., 488; Bardwell v. Conway, 118 Mass., 465; Hanover v. Brown, 77 Md., 64). But it is insisted that the fact -of separate liability is not' decisive of the question, but that the community of interest’ by reason of the pro rata clause constitutes a well recognized exception to the general rule that several causes of action can not be united to enforce separate liability of several defendants. The same view was taken in Virginia-Carolina Chemical Company v. Home Ins. *214 Co., 113 Fed., 1, where it was held that equity has jurisdiction, on the ground of inadequacy of remedy at law, to enjoin separate actions by insured against several insurers, and have their liabilities determined under the bill, their defenses being the same, and their liabilities if any, proportioned. Of similar effect is City of Alberta v. Nielson, 83 Minn., 246.
But .a question of equitable intervention by a bill to enjoin the pursuance of separate actions at law against parties having a common right, or a community of -interest in the subject-matter of the controversy, is materially different from that presented by the demurrer in this case.
I find the precise question has been decided in favor of the joinder in Grasser & B. B. Co. v. Insurance Co., 2 N.P.(N.S.), 125, by Pugley, J., Lucas county.
But the reasons advanced by the decision upholding the joinder as above outlined lead one away from an accurate and logical analysis of the cause of action, and in determining the propriety of joinder it must be determined accurately what the transaction is which gives rise to the causes, and what the subject-matter thereof is. Whether the separate causes be legal or equitable when joined they must pass the tests of the statute. The petition in this case does not present a question whether a remedy may be pursued in a way suggested by the authorities cited. In the former decision in this case I endeavored to reason that the community of interest between the different companies, on account of the provision in the policies that the liability was made proportionate to the total amount of insurance which the insured had upon his property, brought the different contracts of insurance within the same transaction, or that they were connected with the subject of the action.
Furthermore I endeavored to justify the joinder by the thought that a cause of action on a contract of fire insurance consisted in the statement of so much of the terms of the contract as were relevant, the existence of the property, and the loss. Then as there was a community of interest on the part •of the insurers, and as the liability, of each was contingent upon *215 the total' insurance, the same facts, to-wit, a description of the property, and the facts relating to the loss sustained, it seemed that the transaction of the one contract of insurance was in some way' connected with the subject of the action.
I confess that my mind was never fully satisfied with the analysis because it was somewhat strained, and something seemed lacking. So I yield deference to the precedent already established by this court in the ease cited, and state in support thereof the reasons now appearing in this opinion. It is more in accord with the usual understanding of the meaning of the statute with reference to joinder. And it is consistent with the principle expressed in Good v. Ins. Co., 43 O. S., 394, to the effect that the provision in the contract making the liability contingent upon the proportion loss which the amount of insurance bears to the whole sum insured on the property, does not affect the separate or several liability of each company.
It is true that early interpretations of the provision as to joinder disclosed that the terms “same transaction,” and “subject of the action” were used with a view of making a broad and comprehensive provision for the joinder of causes in the interest of justice, and for the avoidance of multiplicity of actions'.' The paramount idea is to litigate all causes in one action, which may legitimately be done to avoid a multiplicity of actions.
A transaction is an act or occurrence giving rise to a right of action on the part of one person to assert a claim for relief against another. The transaction is a contract of insurance made between the parties which gives rise to an obligation on the part of one, and a right in favor of the other with reference to-the object thereof — the property. The contract between insured and insurer is personal and individual, and the right -and obligation is evidenced by the written instrument. The transaction between the parties is purely personal and is none the less so, even though the policy provides that each company shall not be liable for a greater proportion on any loss on the property than the amount of each policy bears to the whole insurance on the property. This provision does not destroy the in *216 dividuality of the contract and does not necessarily embrace or include ahother separate contract of insurance with another insurance company even upon the same property with a contractual obligation of proportionate liability dependent upon the total amount of insurance, up on the same property. The transaction between the insured and the insurer is the making of a personal contract covering the loss of the property of the insured. The loss of the property of the insured is the object of the contract, while tbe transaction which takes place between the parties is the making of the contract, and the subject-matter thereof is the contract.-'
A cause of action on a contract of insurance with one company for loss by fire, and a cause of action against another company upon another contract of insurance against loss of the same property which is insured by the first contract of insurance, can be considered as a transaction connected with the subject of the action on the first policy by the company first insuring the same property, only upon the ground that the second contract on the same property contains a provision that the guaranty against loss is made dependent upon the extent of' the insurance and liability of the first company in the proportion that the contract of guaranty and loss bears to the total' amount of insurance and the total amount of loss by fire of the same property.
But the transaction between insured and insurer is the making of 'a personal contract of insurance. The loss of the property of the insured is the object of the contract, while the transaction which takes place between the' parties is the execution of the contract and the subject-matter thereof is the contract. The fact that the contract makes the obligation of the insurer proportionately dependent, upon the amount of total insurance taken upon the object of the contract — the property insured— does not necessarily make the identity of transaction between insured and insurer the same, nor is the subject-matter of the cause of action which the insurer has against the insured for loss sustained by the former, identical.
*217 Tbe conclusion, therefore, is that the demurrer for misjoinder will be sustained, and leave is allowed to amend the petition.