## MILWAUKEE MECHANICS' INS. CO. v. CIACCIO et al.
### No. 4229.

Circuit Court of Appeals, Seventh Circuit.
Feb. 25, 1930.

Samuel Levin, of Chicago, Ill., for appellant.

H. C. Moore, of Springfield, Ill., for appellees.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Appellees brought this suit to recover upon a fire insurance policy issued by appellant. At the same time and in the same suit they sought other money decrees against other insurance companies with outstanding policies covering the property destroyed. From that part of the decree which awarded appellees $10,000 against it, appellant appeals. As grounds for reversal, it assails the jurisdiction of a court of equity to entertain the suit, contending that its constitutional right to a jury trial, etc., has been violated. It further argues that the amount of the award is larger than the evidence warrants.

*Equity Jurisdiction.*—To avoid a multiplicity of suits is one, and perhaps the chief, ground upon which appellee relies to invoke the jurisdiction of a court of equity. There were five insurance companies joined as defendants whose liabilities, arising out of policies issued on the property destroyed by the fire, were similarly involved. Additional reasons for invoking the jurisdiction of a court of equity in this suit appear. The total amount of insurance exceeded the loss. In addition to the question of contribution, there was a question involving the total amount of insurance in force. Shortly before the fire, one of the companies sought to cancel its policy. The agent representing this company wrote out a policy in another company but controversy existed as to its delivery. Whether the first policy had been canceled or the new one delivered were questions which bore upon the total amount of insurance and therefore upon the liability of each of the other companies. Then, too, one of the policies contained a misdescription of

the property and, as against such company, equitable relief was sought in the nature of a reformation of the contract. Unless the modification took place, the total amount of insurance would be less, and again the contribution of each of the other companies was involved.

But a still greater obstacle to the presentation of this question arises out of the action of appellant in waiving a jury trial.

Appellees originally instituted five separate actions at law, and later they brought this suit in equity against all five insurance companies who were the five defendants in the actions at law. In the actions at law the defendants appeared and, with the plaintiff, filed a stipulation in writing waiving a jury trial. On the trial, the court consolidated all law actions and in one trial heard the evidence in the equity suit and, presumably, in the consolidated law actions. It refused to compel appellees to elect whether they would proceed with the law actions or with their suit in equity. In view of these proceedings, we are unable to see wherein appellant has been prejudiced.

True, a money decree was entered against it in a suit in equity rather than in an action at law. The court, however, could have transferred the cause from equity to law and have entered the judgment. In the consolidation of the law actions, the court would, upon the same evidence, have entered the same money judgments.

Moreover, upon the facts of this case we are satisfied that the court of equity had jurisdiction on several grounds: (a) To avoid a multiplicity of suits; (b) to reform an instrument whose liability or nonliability bore upon the extent of the liability of the other defendants; and (c) to ascertain the extent of the liability of each one of the defendants, which liability was contingent in nature and amount. See Pomeroy's Equity Jurisprudence (4th Ed.) § 245; Smith v. Fire Ins. Co., 219 Ill. App. 506, Id., 226 Ill. App. 626; Fegelson v. Niagara Fire Ins. Co., 94 Minn. 486, 103 N. W. 495.

*False and Fraudulent Statements in Proof of Losses.*—Appellant contends that its liability was defeated by the false statements in the proof of loss which appellee made. A careful examination of all of the evidence fails to support this assignment of error. The court heard these witnesses and found against appellant on this issue. This finding is well supported by the evidence.

*Cause of Fire.*—Appellant contends that an explosion, rather than the fire, caused the damage and that it was not liable for the losses through the explosion. Appellees' contention is that the fire alone caused their damages. The evidence was somewhat conflicting but well supports the finding that the fire and not the explosion caused the damage for which the award was made.

■■ *Amount of Damages.*—Appellant's position is that the amount of the recovery must be limited to $7,162.66 with interest. To support this contention, it relies on two agreements executed by the parties after the loss, one called a "Nonwaiver Agreement" and the other a "Sound Value and Loss and Damage Agreement."

One of the paragraphs of the nonwaiver agreement reads:

"The intent of this agreement is to preserve the rights of the parties hereto and provide only for an investigation of the loss and claims, and the determination of the amount of the sound value and loss or damage without regard whatever to liability of the parties of the second part."

Thereupon as part of the loss and damage agreement the parties agreed:

"Subject to and in conformity with the foregoing Non-Waiver agreement, and without regard whatever as to liability of the parties of the second part for said loss or damage, it is now further hereby agreed between said parties hereto, that the sound value and loss damage is as follows:

"Sound value......$21,487.98
"Damage ..........$21,487.98"

Appellees and appellant both signed these two agreements. If the amount of the loss therein stipulated is binding upon appellees, then, concededly, appellant's liability is limited to such proportion of $10,000 as $21,-487.98 bears to the total amount of insurance, to wit, $30,000. In other words, appellant's liability is limited to $7,162.66 and interest, instead of $10,000 and interest.

We see no reason why either on principle or on precedent this agreement should not be enforced. As the settlement or arbitration of litigation is favored, so should the adjustment of single issues necessarily involved in litigation, though not necessarily determinative of the outcome, be encouraged.

Liability on the part of the defendant for any damage was one question in this litigation. The total amount of the insurance, and therefore the extent of the contribution of the appellant, assuming a liability existed,

was another question. The amount of the loss was still another controverted issue. The parties should have the same right to agree upon or arbitrate the amount of the loss as to arbitrate the entire litigation. In Struebing v. American Insurance Company, 197 Wis. 487, 222 N. W. 831, 837, the court, after quoting a paragraph from the nonwaiver agreement, which is identical with the one before us, said:

"Notice the language in the nonwaiver agreement above quoted: 'The intent of this agreement is to preserve the rights of the parties hereto.' Such an investigation made pursuant to a nonwaiver agreement enures to the benefit of both parties. It affords the insurance company an opportunity to make a proper investigation of the loss, and facilitates an adjustment. On the other hand, the insured may be benefited by such an investigation, because it has a tendency to save time and to avoid delay in procuring an adjustment. The agreement is therefore a mutual agreement, from which mutual advantages are likely to spring. It is not, therefore, as the court said, a 'jug handled agreement.' So that we conclude that pursuant to the provisions of the policy itself, and also the nonwaiver agreement, no legal waiver of the defense herein interposed was effectuated. The validity of a nonwaiver agreement like the one herein involved is sustained in Keet-Rountree D. G. Co. v. Mercantile Town Mutual Ins. Co., 100 Mo. App. 504, 74 S. W. 469; Sun Mutual Ins. Co. v. Dudley, 65 Ark. 240, 45 S. W. 539; Hayes v. U. S. Fire Ins. Co., 132 N. C. 702, 44 S. E. 404; Shawnee Fire Ins. Co. v. Knerr, 72 Kan. 385, 83 P. 611."

We conclude that appellees were bound by their loss and damage agreement and that appellant's liability must be predicated upon a total loss of $21,487.98.

In reaching this conclusion, we are not ignoring appellee's claim that the agreement was in the nature of a settlement and binding only in case of a complete settlement of all issues. We have examined the various exhibits to which they refer to support their contention and find that they do not defeat or impair the effect of the agreement which the parties to this suit entered into respecting the amount of the loss.

The decree is modified by inserting in that part which affects appellant, the sum of $7,-162.66 and interest thereon at 5 per cent. from the 1st day of December, 1926, and as thus modified it is affirmed. Appellant shall recover its costs in this court.