HENRY ROBERTSON v. BANKERS AND TELEPHONE EMPLOYERS IN-
SURANCE COMPANY AND NATIONWIDE MUTUAL INSURANCE
COMPANY.

(Filed 20 March 1968.)

**Pleadings § 18—**

A complaint seeking recovery against two insurance companies upon
policies of automobile liability insurance separately issued by each com-
pany to plaintiff's two tortfeasors is demurrable for misjoinder of both
parties and causes, G.S. 1-123, even though plaintiff's injury resulted from
the joint and concurrent negligence of the two tortfeasors, since the lia-
bility of each insurer is predicated solely upon its own policy.

APPEAL by plaintiff from *Braswell, J.*, at the November 1967
Term of the Superior Court of JOHNSTON County.

On 2 May 1966 plaintiff brought suit in the Superior Court of
Johnston County against Alex Lee McArthur and Murrice McLamb
to recover for personal injuries resulting from a collision on 15 Sep-
tember 1963 between a car owned and operated by McLamb and a
car owned and operated by McArthur, in which latter car plaintiff
was riding as a guest. Plaintiff alleged joint and concurrent negli-
gence on the part of the two defendants. Summons was served in that
action on 22 May 1966. Neither defendant answered or otherwise
pleaded, and on 3 August 1966 judgment by default and inquiry was
entered. At the December 1966 Civil Term of the Johnston Superior
Court the case was submitted to a jury on the issue of damages and
the jury answered that issue in the amount of $10,000.00. On 12 De-
cember 1966 judgment was entered on the verdict against McArthur
and McLamb that plaintiff recover of those defendants jointly and
severally the sum of $10,000.00.

Plaintiff's judgment against McArthur and McLamb not having
been paid, on 10 April 1967 plaintiff instituted the present action
against the two insurance companies. Plaintiff alleged that Bankers
and Telephone Employers Insurance Company had issued its own-
ers policy of liability insurance insuring McArthur against liability
resulting from the operation of his motor vehicle within the State
of North Carolina and that Nationwide Mutual Insurance Company
had issued a similar policy to McLamb.

Defendant Nationwide Mutual Insurance Company demurred to
the complaint for misjoinder of parties and causes. From judgment
sustaining the demurrer and dismissing the action as to Nationwide
Mutual Insurance Company, plaintiff appeals.

*J. R. Barefoot for plaintiff appellant.*

*Dupree, Weaver, Horton, Cockman & Alvis for defendant ap-
pellee, Nationwide Mutual Insurance Company.*

PARKER, J. While not separately stated, plaintiff's complaint

has alleged two causes of action, one against the defendant Bankers and Telephone Employers Insurance Company on its policy of liability insurance issued to Alex Lee McArthur and the other against the defendant Nationwide Mutual Insurance Company on its policy of liability insurance issued to Murrice McLamb. While both causes of action are on contract, each is grounded on an entirely separate contract entered into between different parties. The defendant Nationwide Mutual Insurance Company is not a party to nor is it in any way interested in the policy of insurance between Bankers and Telephone Employers Insurance Company and McArthur. On the other hand, Bankers and Telephone Employers Insurance Company is not a party to nor in any way interested in the policy of insurance between Nationwide Mutual Insurance Company and McLamb. The fact that McArthur and McLamb may have become jointly liable to plaintiff by reason of their joint and concurrent negligence in causing plaintiff's injuries, does not make the liability of the two insurance companies joint. Each is liable, if at all, under its own separate policy in which the other is in no way involved.

The case of *Pretzfelder v. Merchants Insurance Company,* 116 N.C. 491, 21 S.E. 302 (1895), cited by the plaintiff, is not controlling in the case before us. In that case the plaintiff's stock of goods had been damaged by fire, and plaintiff brought action against several fire insurance companies whose policies he held. The fire insurance contract with each company contained the provision that the plaintiff's right of recovery against each was limited to the proportion of the loss which the amount named in the policy of each company should bear to the whole amount insured. The court, speaking through Clark, J., later Chief Justice, said:

> "By their stipulation to apportion the loss the companies have, to that extent at least, made the five policies one contract, the amount of damages accruing upon which should be assessed and apportioned in one joint action. Adams' Eq. 200; 1 Pomeroy Eq. Jur., section 245, 274; *Black v. Shreeve,* 3 Hals, ch. 440, 456. The verdict necessarily 'affects all parties to the action.' The joinder is therefore within the purview of The Code, sec. 267."

In the case before us plaintiff has not alleged that there is any clause in the liability policy issued by either of the defendant insurance companies calling for any apportionment of liability. He has alleged simply that one of the defendant insurance companies has issued its liability policy to one of the joint tort-feasors and the other defendant insurance company has issued its separate liability policy to the other. The two policies are separate contracts between sep-

arate parties and no clause in either policy so relates it to the other as to make the two policies one contract.

Plaintiff contends and it may well be that our procedure should permit the type of joinder of parties and causes attempted here. The legislature apparently felt so when adopting the new Rules of Civil Procedure, Chapter 954, Session Laws 1967. (See particularly Rules 18, 19, 20 and 21.) This would seem all the more true in view of the provisions of Section 1B-1(e) of the Uniform Contribution Among Tortfeasors Act, adopted as Article 1 of Chapter 1B of the General Statutes by Chapter 847 of the 1967 Session Laws. But the new Rules of Civil Procedure do not become effective until 1 July 1969, and the Uniform Contribution Among Tortfeasors Act is not applicable to litigation pending on 1 January 1968. In the present case we must deal with the law as it is now.

Under our present Code of Civil Procedure, while plaintiff may unite in the same complaint several causes of action arising out of contract, each of the causes of action so united must affect all the parties to the action. G.S. 1-123. Here this requirement was not met and the demurrer was properly sustained. *Orkin Exterminating Company v. O'Hanlon*, 243 N.C. 457, 91 S.E. 2d 222 (1956). The judgment below is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.