THOMAS v. COUNCIL BLUFFS CANNING CO. et al.

(Circuit Court of Appeals, Eighth Circuit. February 13, 1899.)

No. 1,016.

1. EQUITY—JURISDICTION OF FEDERAL COURTS—ADEQUATE REMEDY AT LAW.
    A federal court of equity is without jurisdiction of a suit by a stockholder of a corporation brought on behalf of himself and all the other stockholders, who are named, and the amount of stock held by each set out in the bill, to enforce a contract by which the defendant agreed to purchase, at its par value, all of the stock of the corporation, and to take and pay for a certain proportion of it each year, where the only cause of action alleged is a breach of the contract by a failure to make the required payments, and the only relief asked is a judgment for the contract price of the stock, as such cause of action is of legal cognizance, and the remedy at law is plain, adequate, and complete.

2. SAME—MULTIPLICITY OF SUITS.
    The fact that the defendant might be subjected to a number of legal actions affords no ground for a resort to equity by a complainant, where but a single action would be required to which he would be a party or in which he would have any interest.

Appeal from the Circuit Court of the United States for the Southern District of Iowa.

Warren Switzler (Charles G. Ryan, William A. Prince, Jacob Sims, and George H. Thummel, on the brief), for appellant.

John N. Baldwin, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This is an appeal from a decree which dismissed a bill in equity that was brought to compel a debtor to pay some of its creditors the amounts due them under a written contract. In March, 1887, the Council Bluffs Canning Company, a corporation, and one of the appellees, made a written agreement with the Grand Island Canning Company, another corporation, to the effect that the Grand Island Company would procure from its stockholders and furnish $22,000 for the purpose of purchasing a site for and constructing a factory at Grand Island, in the state of Nebraska, and that the Council Bluffs Company would pay an annual rental of $2,200 for the use of this factory, and would pay back to the stockholders of the Grand Island Company the $22,000 they were to advance, on or before 10 years, in annual installments of not less than $2,200 per annum. The stockholders of the Grand Island Company furnished the money. The factory was completed and delivered to the Council Bluffs Company about July 10, 1887. That company paid the rent reserved for several years, and paid the first annual installment of the principal due to the stockholders, and then refused to pay them any more. The appellees Daniel W. Archer, George A. Keeline, and Samuel Haas guarantied the performance of

this contract by the Council Bluffs Company. After the factory was completed, the stock of the Grand Island Company was increased to about $40,000. On March 6, 1895, Claudius W. Thomas, the appellant, and one of the stockholders of the Grand Island Company, exhibited a bill in equity in the court below, on behalf of himself and the other stockholders of that company, some of whom he named in his bill, offered to surrender their stock to the Council Bluffs Company, and prayed that that company might be ordered to receive it, and to pay to these stockholders the installments due under its contract for the years 1889, 1890, 1891, 1892, 1893, and 1894, and that, if it failed to do so, a judgment might be entered against the appellees therefor. In the briefs and arguments of counsel, the question of the power of the Council Bluffs Company to purchase stock in another corporation is exhaustively considered. The view we have been compelled to take of the appeal in this case renders it unnecessary to consider this question, but the thought occurs that perhaps that company had the power to borrow money and to agree to pay it back, and that it may be soon enough to consider whether it can acquire the stock when it has performed that agreement. Sioux City Terminal Railroad & Warehouse Co. v. Trust Co. of North America, 49 U. S. App. 523, 540, 544, 27 C. C. A. 73, 82, 85, and 82 Fed. 124, 133, 135.

The all-sufficient answer to this bill, however, is that the complainant had a plain, adequate, and complete remedy at law in this case. When the pleadings in this suit are stripped of immaterial averments and unnecessary verbiage, this is nothing but an action for a judgment for the installments of money due to the stockholders of the Grand Island Company, under the contract of March 18, 1887, masquerading in the garb of a suit in equity. The bill contains no allegation of any fraud, mistake, or of any other fact which might confer jurisdiction upon a court of equity. There is, indeed, a prayer for an accounting; but it is a futile prayer, for no accounting is necessary, and none could be had, because the amount which the Council Bluffs Company owes is written in the contract, and the amount which each stockholder is entitled to recover is measured by the number of shares of the original stock which he owns. The amount each stockholder is entitled to receive is not even an unliquidated amount.

If the appellant suggests that this suit may avoid a multiplicity of actions at law, the answer is that it cannot avoid a multiplicity of actions against him, and the fact that the appellees may be subjected to them is no ground for a resort to equity by the appellant. An action at law will yield him as complete and adequate relief as a court of equity can grant, and there is no danger that he will be subjected to any other action. If many actions are brought against the appellees, the appellant will not be subjected to the expense, delay, or vexation of those suits. The multiplicity of suits which confers jurisdiction in equity is a multiplicity of suits to which the complainant will be a party. A multiplicity of suits against the defendants to which he will not be subjected, and in which he has no interest, furnishes no ground for his resort to equity. Schulen-

berg-Boeckeler Lumber Co. v. Town of Hayward, 20 Fed. 422; Dodd v. City of Hartford, 25 Conn. 232, 238.

It is true that, where numerous and unknown parties are interested in, and necessary to the determination of, one's rights, he may sometimes bring a suit in equity on his own behalf, and on behalf of all others similarly situated, because the enforcement of their rights at law would be impracticable and impossible. But the stockholders on whose behalf this appellant brought his suit are not unknown. They are named in his bill. The amount of stock which each one holds is there stated. The bill contains the averments that the appellant brings this suit by their authority; that he tenders their stock, and asks to recover under the contract the very definite sum of $21,525. We can conceive no reason why the appellant and each of the stockholders he names did not have a plain, adequate, and complete remedy by an action at law upon this agreement. If they desired to avoid several actions, it is not perceived why assignments of their various claims to one of their number would not have enabled him to maintain an action at law upon them, while it would have perfectly preserved the constitutional rights of the appellees.

The seventh amendment to the constitution of the United States provides that "in suits at common law, where the value in controversy exceeds twenty dollars, the right to trial by jury shall be preserved, and no fact tried by jury shall be otherwise re-examined by any court in the United States than according to the rules of the common law." Congress has enacted that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law." Rev. St. U. S. § 723. In Hipp v. Babin, 19 How. 271, 278, the supreme court declared that "whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate, and complete remedy, without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury." The only remedy the complainant seeks in this suit is a judgment for $21,525 on the written contract. An action at law upon the contract is certainly as plain a way to a judgment for money due upon it as the devious and circuitous path which the appellant is trying to blaze out by means of this suit in equity, and, since the ultimate relief he seeks is the same that he would obtain at law,—that is to say, a mere judgment for money due,—the remedy at law is certainly as adequate and as complete as in equity. When the only remedy sought is the recovery of a judgment for a specified amount, and no discovery or accounting is requisite, and no fraud, mistake, or other fact conferring jurisdiction in equity is alleged, the remedy at law is as plain, complete, and adequate as it is in equity, and a suit in equity cannot be maintained in the national courts. Mills v. Knapp, 39 Fed. 592; Frey v. Willoughby, 27 U. S. App. 417, 11 C. C. A. 463, and 63 Fed. 865; Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276. The decree below is affirmed.