WILLIAM A. TISDALE *v.* THREE INSURANCE COMPANIES.

EQUITY. *Jurisdiction. Multiplicity of suits. Inadequacy of legal remedy.*
  Where property destroyed by fire was insured in three insurance companies, the policies containing substantially the same provisions, and the owner brought three separate suits at law, one against each company, demanding the face of each policy, and the companies filed the same pleas setting up the same defenses, a bill in equity will lie by the companies to restrain the suits at law requiring the suits to be tried in equity, on the grounds of preventing a multiplicity of suits and the inadequacy of the remedy at law.

FROM the chancery court of Covington county.

HON. STONE DEAVOURS, Chancellor.

The Insurance Company of North America, the Aetna Insurance Company of Hartford, Connecticut, and the Philadel-

phia Underwriters Insurance Company of Philadelphia, appellees, were complainants, and Tisdale, appellant, was defendant in the court below. From a decree favorable to complainants, the insurance companies, the defendant appealed to the supreme court.

Tisdale was the owner of a storehouse in the town of Collins, in which he carried on a drug business. He was insured in three different companies against loss by fire, as set out in the opinion of the court. In January, 1903, the building was destroyed by fire, and there was a partial loss of the stock of merchandise. He filed three separate suits—one against each company—in the circuit court of Covington county, demanding the face of each policy. The several defendants appeared, and filed pleas setting up exactly the same defenses. They afterwards filed the bill in this case in the chancery court of Covington county, setting out these facts, and charging that all three of the complainants had issued policies covering the same property of the defendant, and that the several policies were concurrent insurance on the same property; that they were being sued in three separate suits at law; that the defenses of each defendant to the several suits were identical, and that each of said suits was about the same subject-matter, and involved common principles of law, and the same facts, and the liability to defendants of each is not independent, but is a concurrent liability; that in separate suits at law it is impossible to determine the equitable rights of complainants and the defendant under said policies, by reason of the inadequacy and insufficiency of the remedy at law in separate suits to marshal and ascertain the real liability of complainants, and because said suits involved identical questions of defense, and a multiplicity of suits of common questions of law and fact, and over property in which complainants and defendant have common and mutual interests, and the court of law cannot do justice between the parties in said suits; that the stock of merchandise, after the issuance of the several policies, changed in specifics and quanti-

ty, in the usual course of trade, and at the time of the fire there was not an actual loss to the amount claimed by the defendant in the said suits; that the inventory, books, and proof of loss presented by defendant are untrue, incorrect, false, and fraudulent, and in no sense comply with the requirements of the policies and the law. Complainants offer in their bill to pay whatever amount may be ascertained to be due by each of them. The defendant demurred to the bill, and moved to dissolve the injunction restraining said suits at law. The demurrer was overruled, and the motion to dissolve the injunction was also overruled. From that decree defendant appeals.

*Alexander & Alexander,* for appellant.

[The brief of counsel for the appellant was lost or withdrawn from the record before it reached the reporter.]

*Williamson & Wells,* for appellees.

This bill should be sustained on the sole ground that it presents a multiplicity of suits

Tisdale owned a stock of merchandise and desired to insure it against loss by fire. The stock of goods was worth, when insured, $2,500. It constantly changed, specifics and quantities. One of the complainant companies entered into contract to insure against loss to the extent of $1,000, the other two assumed liability for $750 each, in case of fire it being agreed between the assured and each of the companies that concurrent insurance might be taken on the stock of goods not to exceed $2,500 in all; it being stipulated in each contract that in case of fire the company should be liable for its proportional share of the loss or damage sustained, not to exceed the amount of the face of the policy issued by it. These three companies joined in indemnifying Tisdale against loss by fire to the amount of $2,500, which sum was fixed by all parties as the value of the stock of merchandise at the time the insurance was issued, and this was the maximum amount of insurance assured could carry on

it, and the several contracts stipulated what portion of the value of the stock so fixed, each company would insure, and what portion of loss each assumed to pay in case of fire.

Now a fire occurred, and there was a partial loss on the stock of goods. The bill avers and charges that the damage to and loss on the merchandise was insignificant and trifling, and did not approximate the full amount of all the policies, nor the face of any one of them. The demurrer admits this to be true. Under these contracts each company is liable to Tisdale, if any liability there be, only for its proportionate share of the actual loss sustained.

Now in the case of *Crawford* v. *Mobile, etc., R. R. Co.,* 83 Miss., 708, this court approves the doctrine laid down by Pomeroy in his work on equity, and in the cases of *Pollock* v. *Okolona Savings Inst.,* 61 Miss., 293, and *Railroad Co.* v. *Garrison,* 81 Miss., 257, on the subject of equitable jurisdiction to prevent multiplicity of suits. If the facts in the Cranford case above mentioned justified the intervention of equity, "on the sole ground that it would prevent a multiplicity of suits," the reasons for the assumption of like jurisdiction in this case are equally strong, if not stronger.

Further, when the several policies were issued by the companies on the same property and delivered to Tisdale, they, with him, became mutually interested in the property, and after the fire there was a community of interest among all the parties in the amount of the loss; so that there is in this case that common interest of all the parties in the subject-matter of the suit which would bring it strictly within the rule laid down by Judge Campbell in the case of *Tribbette* v. *R. R. Co.,* 70 Miss., 182.

We refer the court to the case of *Virginia Chemical Co.* v. *Ins. Co.,* 113 Fed. Rep., 1, and 109 Fed. Rep., 681. That case is on all fours with the one at bar, where the court of equity takes jurisdiction and settles four or five cases in one where the

policies were concurrent insurance on the same property, the loss being partial.

All the companies being liable only for the actual loss caused by the fire, they have a right, upon the proofs in the case, to have it ascertained and to pay it in proportion to each one's liability under the contracts and the law. In a law court, in three separate trials, this cannot be done. No two juries will agree as to the actual loss on the stock of goods, though each jury will be acting upon the very same state of facts and proof and be governed by the very same principles of law. For instance, one jury in the case against the Underwriters of Philadelphia, which insured it for $1,000, may find the loss to be $100, and that would be the extent of its contribution to the loss, while in one of the other cases the jury may find the loss $1,000, and that company will have to pay the face of its policy, $750; in third case, the jury may find $250 loss, being $500 less than the face of that poicy. Such a result would be a great injustice to the companies and to the assured. Besides, it would not be law nor equity. A law court furnishes no adequate remedy for a case like this, but equity does.

WHITFIELD, C. J., delivered the opinion of the court.

The appellant was insured in three companies against loss by fire. One company insured him to the amount of $1,000 on his merchandise, and to the amount of $300 on the furniture and fixtures in the store. Each of the other two companies insured the building for $1,250, and the stock for $750. All of the policies were of the standard form, and contained the same provisions and stipulations. The fire occurred on the 13th of January, 1903, and destroyed the building, the furniture, and fixtures wholly, but only partially destroyed the stock of merchandise. Appellant brought three separate suits—one against each company—in the circuit court of Covington county, demanding the face of each policy. The defendants filed pleas, and set up exactly the same defense. The property insured was

---

---

the same, and the principles of law governing the three cases were the same, and the facts were substantially identical. The bill further allleges incorrect and false bookkeeping in this: That he did not keep such an inventory and such a set of books as the policies required, and that they did not show the truth about the purchases and shipments in the business, and were not a complete record of the business transacted by the appellant. The bill was demurred to, and the demurrer overruled; hence this appeal.

We think the equity jurisdiction is maintainable on the ground of the prevention of a multiplicity of suits, as well as upon the inadequacy of the remedy at law. The very same principles of law and the very same facts determined each case. Besides, it is important to note that there could be but one true fixation of the actual amount of the loss, and yet each jury might put it at a different sum. We do not care to repeat the reasons set out heretofore. See the following authorities: *Crawford* v. *M. J. K. R. R. Co.,* 83 Miss., 708 (s. c., 36 South., 82, recently decided); *Virginia Chemical Co.* v. *Ins. Co.,* 113 Fed., 1 (51 C. C. A., 21).

*Affirmed and remanded for answer in sixty days from filing of the mandate in the court below.*