## MECHANICS' INS. CO. OF PHILADELPHIA et al. v. C. A. HOOVER DISTILLING CO. et al.

(Circuit Court of Appeals, Eighth Circuit. September 9, 1909.)

No. 3,040.

1. INJUNCTION (§ 26*)—ACTIONS ON INSURANCE POLICIES—EQUITABLE JURISDICTION.

The fact that the several policies of insurance on property destroyed by fire each contained a clause providing that the insurer should not be liable thereunder for a greater proportion of any loss than the amount of such policy bore to the total amount of valid insurance on the property does not give a court of equity jurisdiction of a joint bill by the insurers to enjoin the insured from maintaining actions at law on the policies, and to draw to itself the adjudication of the rights of the parties on the ground that the policies are interdependent contracts and that an accounting is necessary; neither one of complainants having in fact any interest in the amount of recovery from any other.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 28–49; Dec. Dig. § 26.*]

2. EQUITY (§ 51*)—JURISDICTION—PREVENTING MULTIPLICITY OF SUITS.

Complainants cannot join in invoking the jurisdiction of a court of equity, on the ground that it will prevent a multiplicity of suits, because defendant has brought similar actions at law against each of complainants on a separate cause of action, and where complainants separately have no cause of action against defendant, either legal or equitable.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 167–171; Dec. Dig. § 51.*]

3. INSURANCE (§ 608*)—ACTIONS ON POLICIES—EQUITY JURISDICTION.

An averment by insurers that an insured made excessive and fraudulent claims of loss under policies may be tried and determined in actions at law on the policies, and is no ground of equitable jurisdiction.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1517; Dec. Dig. § 608.*]

Appeal from the Circuit Court of the United States for the Southern District of Iowa.

Suit in equity by the Mechanics' Insurance Company of Philadelphia and others against the C. A. Hoover Distilling Company and others. From a decree dismissing the bill, complainants appeal. Affirmed.

Charles B. Obermeyer (A. C. Parker, N. T. Guernsey, and W. E. Miller, on the brief), for appellants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

James A. Devitt and John F. Lacey (W. R. Lacey, W. C. Burrell, and William McNett on the brief), for appellee Hoover Distilling Co.

H. H. Sheriff, for appellees Insurance Companies.

Before SANBORN, Circuit Judge, and CARLAND and POL-LOCK, District Judges.

CARLAND, District Judge.   The C. A. Hoover Distilling Company, an Iowa corporation doing business at Oskaloosa, in said state, on May 15, 1908, suffered a loss of property by fire.   On the property destroyed were insurance policies to the amount of $85,500, distributed among different insurance companies as follows:

| No. of Policy. | Name of Company. | Amount of Policy. |
|---|---|---|
| 608206 | Mechanics' Insurance Company of Philadelphia | $3,000 00 |
| 2833 | The Home Insurance Company of New York | 5,000 00 |
| 2309 | "      "      "      "      "      "      " | 5,000 00 |
| 25069 | Buffalo German Insurance Company of Buffalo | 2,000 00 |
| 1272 | St. Paul Fire & Marine Insurance Company of St. Paul | 5,000 00 |
| 2505 | Phenix Insurance Company of Brooklyn, N. Y. | 3,000 00 |
| 2551 | "      "      "      "      "      "      " | 3,000 00 |
| 104 | Royal Insurance Company of Liverpool | 5,000 00 |
| 1390 | German American Insurance Company of N. Y. | 5,000 00 |
| 1378 | "      "      "      "      " | 2,500 00 |
| 1557 | The Insurance Company of North America of Philadelphia | 4,000 00 |
| 5237659 | North British & Mercantile Insurance Company of London and Edinburgh | 3,000 00 |
| 5239476 | North British & Mercantile Insurance Company of London and Edinburgh | 2,500 00 |
| 1243 | The Rochester German Insurance Company of Rochester | 1,500 00 |
| 51604 | "      "      "      "      "      "      " | 3,000 00 |
| 62049 | The Phoenix Insurance Company of Hartford, Conn. | 3,000 00 |
| 62052 | "      "      "      "      "      "      " | 2,000 00 |
| 3885018 | Fire Association of Philadelphia | 2,500 00 |
| 3885038 | "      "      "      " | 4,000 00 |
| 5604 | City of New York Insurance Company of New York | 3,000 00 |
| 22087 | Security Insurance Company New Haven, Conn. | 2,500 00 |
| 2360 | Ætna Insurance Company of Hartford | 3,000 00 |
| 2383 | "      "      "      "      " | 2,500 00 |
| 26105 | Milwaukee Mechanics' Insurance of Milwaukee | 2,000 00 |
| 52501 | Milwaukee Fire Insurance Company of Milwaukee | 1,500 00 |
| 1675 | Commercial Insurance Company of Buffalo, N. Y. | 2,000 00 |
| 2990150 | The London Assurance Corporation, United States Branch, New York City | 5,000 00 |

On August 25th the Distilling Company commenced actions at law in the district court of Iowa, in and for Mahaska county, against each of said insurance companies to recover the loss caused by said fire.   Subsequently the defendants in each of said actions at law, where the amount in controversy was sufficient, removed said actions to the United States Circuit Court for the Southern District of Iowa.   The removal proceedings brought 15 actions to the United States Circuit Court and left 4 actions pending in the state district court.   October 15, 1908, the 15 insurance companies which had removed the cases against them filed a bill in equity in said United States Circuit Court against the Distilling Company and the four insurance companies who did not remove their cases from the state court, wherein complainants prayed that the Distilling Company be enjoined from prosecuting

any of said actions at law either in the state or federal court; that the court ascertain what, if any, sum is due from any of the insurance companies to the Distilling Company on the policies of insurance issued by them; and that it be decreed accordingly, but, if no sum should be found due, that said policies be decreed to be delivered up and canceled. The bill stated the foregoing facts, and also alleged that each of the policies issued to the Distilling Company by the insurance companies contained the following provision:

"This company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by and expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole amount of valid and collectible insurance covering such property."

The Distilling Company demurred to the bill for want of equity, and for the reason that complainants had an adequate remedy at law. The Circuit Court sustained the demurrer and dismissed the bill, but continued a temporary injunction pending an appeal to this court. There are many legal conclusions and matters of argument stated in the bill, but the facts upon which the jurisdiction of the United States Circuit Court as a court of equity must depend have all been stated. If the bill in this case states a cause of action cognizable in equity, it is plain that the days of jury trial in insurance litigation are numbered, as there are extremely few insurance losses not covered by at least two or more policies in different insurance companies. In view of the great number of actions to recover losses upon policies of insurance heretofore triable at law, any decision which would strike down this jurisdiction and transfer the whole litigation to courts of equity ought to be founded upon the soundest reason and declared only after careful consideration.

If we understand counsel for complainants their position is this: First. As each insurance company agrees to pay such a proportion of the total loss as the amount of its policy bears to the total amount of valid insurance on the property damaged or destroyed, the insurance policies become interdependent contracts, necessitating an accounting, so to speak, between the insurers and insured, in order to ascertain the amount due on each policy. Second. That by all insurance companies joining in the bill as complainants a multiplicity of suits will be saved.

In order to fully appreciate the position of complainants in the present action, it will be helpful to view their position standing alone. Thus viewed, each insurance company has a valid contract or contracts with the Distilling Company, upon each of which, according to the allegations of the bill, the Distilling Company may maintain an action at law for damages against each insurance company. There are no facts stated in the bill that show that any insurance company, standing alone, has any cause of action whatever, either legal or equitable, against the Distilling Company. The different insurance companies having no cause of action individually, so far as appears, against the Distilling Company, we are led next to inquire as to what cause of action of equitable cognizance in favor of complainants and against the Distilling Company has been created by joining in the bill filed in this cause, as appears from the allegations thereof.

We think it clearly appears that complainants have no more cause of action cognizable in equity in combination than if each stood alone. The method adopted by the parties to the insurance contracts for ascertaining the amount payable thereunder in case of loss does not make the contracts interdependent. No one insurance company has any interest in what any other insurance company shall pay under its policy. It is only interested in what it shall pay, and as a consequence in the value of the property destroyed. So far as the allegations of the bill are concerned, there is not a disputed question between any of the insurers and the insured, except as to the value of the property destroyed; and it is asked that a court of equity take jurisdiction of the case for the purpose of ascertaining this value, for the reason that different juries in actions at law might return different verdicts as to the value of this property, and thus the amount to be paid by one insurance company might be greater or less than that of some other company. If the peculiar and special duty of juries to pass upon property values in matters at law may be taken away and given to a chancellor, merely because different juries may render different verdicts upon like or similar facts, then trial by jury in civil actions no longer exists. The idea of handling these cases through a master in chancery, when the only question at issue is the value of the property destroyed, because there is no adequate remedy at law, shocks the legal mind.

But it is also urged that complainants have a right to file this bill in equity in order to save a multiplicity of suits. The phrase "multiplicity of suits," in connection with the jurisdiction of courts of equity, has often been carelessly used, but, it seems, never more so than in this proceeding. Each of these complainants were sued by the Distilling Company at law. In order to save the Distilling Company from prosecuting 19 different suits at law, complainants urge that they may bring this action in equity. There are two reasons why the rule in regard to saving a multiplicity of suits as applied to matters of equity jurisdiction may not be invoked in this proceeding:

First. There can be no claim that any complainant is saved from a multiplicity of suits by the maintenance of this action in equity. The Distilling Company is not in court asking it to take jurisdiction of its suits against the insurance companies in order to save it, the Distilling Company, from a multiplicity of suits against it or by it. It does not rest with the complainants to urge as a foundation for their suit that the defendant, the Distilling Company, may thereby be saved a multiplicity of suits. Equitable Life Assurance Society of the United States, Petitioner, v. Brown, 213 U. S. 25, 29 Sup. Ct. 404, 53 L. Ed. 682.

Second. The complainants, in our opinion, present no cause of action, either legal or equitable, against the Distilling Company by the allegations of their bill. The prevention of a multiplicity of suits is not, considered by itself alone, an independent source of jurisdiction in equity, in such a sense that it can create a cause of action where none had ever existed. As is said in section 250, Pomeroy's Equity Jurisprudence:

"In other words, a court of equity cannot exercise its jurisdiction for the purpose of preventing a multiplicity of suits in cases where the plaintiff, in-

voking such jurisdiction, has not any prior existing cause of action, either equitable or legal—has not any prior existing right to some relief, either equitable or legal. The very object of preventing a multiplicity of suits assumes that there are relations between the parties out of which other litigations of some form might arise."

If we are right in saying that the complainants have no cause of action against the Distilling Company, then they have no right to ask a court of equity to save any one from a multiplicity of suits. In support of the provision that the bill in this case states a cause of action cognizable in equity, the case of Home Ins. Co. of America et al. v. Virginia-Carolina Chemical Co., 109 Fed. 681, is cited. This case was affirmed on appeal. 113 Fed. 1, 51 C. C. A. 21. The case arose in the Circuit Court for the District of South Carolina, and was followed by the same court in Rochester German Ins. Co. v. Schmidt et al. (C. C.) 126 Fed. 998, and also in Tisdale v. Ins. Co. of North America, 84 Miss. 709, 36 South. 568. We have carefully examined the opinions in those cases, and, if those opinions are to the effect that the bill in this case states a cause of action of equitable cognizance, then we must say that they are not persuasive, and are a distinct departure from what has heretofore been recognized as the law in regard to equity jurisdiction.

Without entering into a detailed discussion as to when a court of equity will or will not entertain jurisdiction of a cause, we are clearly of the opinion that the case now before us is not one of equitable cognizance. Amendments to Constitution of the United States, art. 7; Rev. St. U. S. § 723 (U. S. Comp. St. 1901, p. 583); Deweese v. Reinhard, 165 U. S. 386, 17 Sup. Ct. 340, 41 L. Ed. 757; Thomas v. Council Bluffs Canning Co., 92 Fed. 422, 34 C. C. A. 428; Scottish Union, etc., Ins. Co. v. Mohlman (C. C.) 73 Fed. 66; High on Injunctions, vol. 1 (4th Ed.) § 63a (disapproving Tisdale v. Ins. Co., 84 Miss. 709, 36 South. 568); Boise Artesian Hot & Cold Water Co. v. Boise City, 213 U. S. 276, 29 Sup. Ct. 426, 53 L. Ed. 796; Equitable Life Assurance Society v. Brown, 213 U. S. 25, 29 Sup. Ct. 404, 53 L. Ed. 682; Travelers' Association v. Gilbert, 111 Fed. 269, 49 C. C. A. 309, 55 L. R. A. 538; Youngblood v. Sexton, 32 Mich. 406, 20 Am. Rep. 654; Barnes v. City of Beloit, 19 Wis. 93; Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672; Gormley v. Clark, 134 U. S. 339, 10 Sup. Ct. 554, 33 L. Ed. 909; Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358; Hipp v. Babin, 19 How. 271, 15 L. Ed. 633; Buzzard v. Huston, 119 U. S. 347, 7 Sup. Ct. 249, 30 L. Ed. 451; Tribette v. Illinois Central Co., 70 Miss. 182, 12 South. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642; Winslow v. Jenness, 64 Mich. 84, 30 N. W. 905; Douglass v. Boardman, 113 Mich. 618, 71 N. W. 1100.

We do not wish to base our decision upon the proposition that complainants have an adequate remedy at law because the cases pending in the federal court may be consolidated for the purpose of trial. Still this may be done. Insurance Co. v. Hillmon, 145 U. S. 285, 12 Sup. Ct. 909, 36 L. Ed. 706; section 295, Rev. St. U. S. (U. S. Comp. St. 1901, p. 176). There is an allegation in the bill filed by complainants in regard to the presentation of proofs of loss by the Distilling Company in which the value of the property destroyed is fraudulently exces-

sive. This kind of fraud, if it existed, can form no basis for equitable jurisdiction, as it has nothing to do with the insurance contracts themselves; and, furthermore, such a fraud is just as easily disposed of in an action at law as in an action in equity. Equitable Life Assurance Society of the United States v. Brown, 213 U. S. 25, 29 Sup. Ct. 404, 53 L. Ed. 682.

We see no error in the ruling of the trial court upon the demurrer, and its judgment is therefore affirmed.

NOTE.—The following is the opinion of Smith McPherson, District Judge, in the court below:

SMITH McPHERSON, District Judge. This case is by a bill in equity filed by 15 fire insurance companies against the Hoover Distilling Company of Oskaloosa, Iowa, and 4 fire insurance companies. The distilling company was insured against loss by fire by the 19 companies, complainants and defendants, each issuing a separate policy, and each policy providing for concurrent insurance, and all but 6 being for an amount in excess of $2,000. All the policies were of like form, being the Iowa standard form. A recital in every of the policies contained this clause: "This company shall not be liable under this policy for a greater proportion of any loss on the described property or for loss by and expense of removal from premises endangered by fire than the amount hereby insured shall bear to the whole amount of valid and collectible insurance covering such property."

May 15, 1908, while all the policies were in force, a fire occurred, destroying the whisky in barrels and in bond, being a total loss. The companies do not expressly admit, but impliedly, certainly inferentially, admit, a liability. Actions at law, 19 in number, were brought in the Mahaska county district court. Fifteen of the cases—those against complainants herein—were removed to this court by reason of the amounts involved and diverse citizenship. The 4 cases against the companies defendants herein, either because of the small amounts involved or by reason of their being incorporated in Iowa, were not removed, and are still pending in the Iowa state court. The insured and the companies have been unable to agree as to the value of the loss, the difference being many thousands of dollars between them; this large difference arising by reason of what the distilling company had fixed for whiskies of certain age at its distillery, and the prices the insurance companies insist that such whiskies can be bought for in Peoria, Louisville, and other whisky markets. By reason of the foregoing, the 15 companies have joined in a bill to enjoin the maintenance of said action at law both in this and the 4 actions in the state court. A restraining order, as prayed, was issued on an ex parte application, and the case set down for hearing on the application for a temporary writ of injunction; and the defendant distilling company has filed a demurrer to the bill.

It follows, from the foregoing, that the sole question is: Are the foregoing matters cognizable in equity? If the pleadings admit a liability, or on the evidence a liability is established, then the next question is as to the value of the loss. When that is found by the verdict of a jury, or by the court if a jury should be waived, or by the court or a master if in equity, then what is to be ascertained? Simply add the sums for which insurance was granted by the 19 policies, and divide the value of the loss by the amount of the insurance, and multiply that quotient by the sum named in each policy. That result would be the liability of that company. Is that an accounting? It seems to me that it is not. And it seems to me scarcely possible that a jury could not readily and easily make the computation. Or, if there should be any apprehension of confusion, the court could easily submit special interrogatories to the jury, to be answered, something like these: (1) What do you find as to the value of the loss? (2) What was the total amount of insurance in force at the time of the loss? (3) What was the amount of the insurance covered by the policy issued by the ——— Company? (4) And a like interrogatory as to every of the other 18 companies.

Could not the court, upon such special verdicts, by using a simple rule of primary arithmetic, render judgments? A bookkeeper or skilled accountant

could render no service. There are no complicated mutual accounts of which equity will take cognizance. The most that can be said is that the company will be entitled to a set-off. As to that Adams' Equity (8th Ed.) p. 222, says: "But it is otherwise with respect to mere matters of set-off; for right of set-off can be effectually tried at law, and can only be transferred to chancery by some special equity." Blackstone (book 3, p. 437) says: "For want of this discovery at law, courts of equity have acquired a concurrent jurisdiction with every other court in all matters of account." But here there is no matter for discovery. There are no vouchers for examination, no balance to be found, and no account to be stated. And see Story, Equity, §§ 450–453. Pomeroy's Equity (volume 3, § 1421) states the three tests with accuracy: (1) Where each party has received and paid on account of the other. (2) Where the accounts are all on one side, attended with great complication. (3) Where a fiduciary relation exists.

Some of the cases cited by complainants' counsel will be briefly noticed. The case of Fuller v. Insurance Companies (C. C.) 36 Fed. 469, 1 L. R. A. 801, was one in which there were a number of policies, some for fire insurance and others for marine insurance. The insured asked to be relieved of a multiplicity of suits, and to have the losses of the two kinds apportioned against the various companies, and Judge Blodgett held that to make such inquiry was within the power of a court of chancery. But that is a different question than the one now being considered. Home Insurance Company v. Virginia Company (C. C.) 109 Fed. 681, affirmed in 113 Fed. 1, 51 C. C. A. 21, is not in point, as will be seen from a statement of Judge Simonton at page 688 of 109 Fed., where he says: "In order, therefore, in each case to ascertain the amount to be paid by each insurer, if liability exists, the policy must be reformed in so far as it states the value of the property insured, and then the proportion which the amount or sum each assumed bears to the entire insurance must be ascertained." In other words, because of an alleged fraud, the policy had to be reformed before making the case like the one at bar. Rochester Co. v. Schmidt (C. C.) 125 Fed. 998, shows that there were grounds of fraud which would give jurisdiction to a court of equity.

But it is said that equity will prevent a multiplicity of suits. But that proposition is to be invoked by an injured party. Here each insurance company can be compelled to defend but once, and that the insured must bring many actions is of no concern to any company as an insurer. This bill of complaint, stripped of all verbiage, shows that the insured has a contract of insurance with each company which, as alleged, has matured and is now a naked money claim. No one doubts but that, if there had been but one insurer, the action necessarily would be one at law; and there being 19 policies, issued by as many companies, does not change matters further than to give each company the right of set-off. The following cases are in point: Scottish Co. v. Mohlman Co. (C. C.) 73 Fed. 66; Thomas v. Council Bluffs Co., 92 Fed. 422, 34 C. C. A. 428; Travelers' Ass'n v. Gilbert, 111 Fed. 269, 49 C. C. A. 309, 55 L. R. A. 538; Tribette v. Railroad, 70 Miss. 182, 12 South. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642.

It is said that the 4 cases still pending in the state court cannot be consolidated for trial purposes under the Iowa practice. Quite likely this is so, unless consolidated by agreement. But this court cannot enjoin those actions, for the reason that they will be attended with expense and time. That is a matter for the state court. The 15 cases in this court can be consolidated for trial purposes. Insurance Co. v. Hillmon, 145 U. S. 285, 12 Sup. Ct. 909, 36 L. Ed. 706. It is true that under that decision, and in the same case when before the Circuit Court of Appeals for this circuit later on (107 Fed. 834, 842, 46 C. C. A. 668), each party in each case will be given 3 challenges, making 45 such challenges to a side, or 90 in all. But it will not be presumed that this will be done, or if it is done, it can only subject the court to inconvenience, by reason of which this court cannot ride down the right of trial by jury.

This court, sitting in equity, cannot take jurisdiction of the subject-matter. Record entries in harmony with the foregoing will be presented for signature.