### HOME INS. CO. v. JONES et al.

(Circuit Court of Appeals, Eighth Circuit. January 17, 1910.)

No. 3,145.

INJUNCTION (§ 26*)—ENJOINING ACTIONS AT LAW—EQUITY JURISDICTION.

The fact that several policies of insurance on the same property each contained a clause providing that the insurer should not be liable thereunder for a greater proportion of any loss than the amount of such policy bore to the total amount of valid insurance on the property does not give a court of equity jurisdiction of a bill by one or more of the insurers to enjoin the insured from maintaining separate actions at law on the policies, and to draw to itself the adjudication of the rights of the parties on the ground that the policies are interdependent contracts and that an accounting is necessary, nor on the ground of preventing a multiplicity of suits; neither one of complainants having in fact any interest in the amount of recovery against any other or any separate cause of action against defendant.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24-49, 54-61; Dec. Dig. § 26.*]

Appeal from the Circuit Court of the United States for the District of Kansas.

Suit in equity by the Home Insurance Company against W. H. Jones and others. Decree for defendants, and complainant appeals. Affirmed.

E. S. Quinton and Fyke & Snider, for appellant.

W. S. Jenks and F. M. Harris, for appellee Jones.

Before SANBORN, Circuit Judge, and RINER and WILLIAM H. MUNGER, District Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. The complainant and ten other companies insured property of the appellee W. H. Jones against damages by fire. The property was injured by fire, Jones brought an action against each company on account of this damage, the Home Insurance Company exhibited its bill to enjoin the prosecution of these actions and to compel the adjudication of the rights of all these parties in a suit in equity, and the court below dismissed the bill on the ground that the company had an adequate remedy at law. The facts of this case differ in no material respect from those in Mechanics' Insurance Company of Philadelphia v. C. A. Hover Distilling Company (C. C. A.) 173 Fed. 883, and the decree below is affirmed on the authority of that case.