SCRUGGS & ECHOLS v. \AMERICAN CENT. INS. CO. OF ST. LOUIS.

(Circuit Court of Appeals, Fifth Circuit. February 22, 1910.)

No. 1,906.

1. INSURANCE ( 608*)—ACTIONS ON POLICIES—EQUITY JURISDICTION.

Where each of several policies of insurance on the same property contains a clause providing that "this company shall not be liable under this policy for a greater proportion of any loss on the described property * * * than the amount hereby insured shall bear to the whole insurance, whether valid or not," they are independent contracts, the liability of one company not being affected by that of any other, and afford no ground for a resort to equity for an accounting, or to enforce contribution, or for the granting of an injunction at the suit of one insurer restraining the prosecution of actions at law against the others.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 608.*]

2. EQUITY (§ 51*)—ACTIONS ON POLICIES—EQUITY JURISDICTION—PREVENTING MULTIPLICITY OF SUITS.

The fact that an owner of property which has suffered a loss through fire is compelled to bring several actions at law against different insurers does not entitle one of such insurers to appeal to equity on the ground of preventing a multiplicity of suits.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 167–171; Dec. Dig. § 51.*]

Appeal from the Circuit Court of the United States for the Northern District of Alabama.

Suit in equity by the American Central Insurance Company of St. Louis against Scruggs & Echols and others. Decree for complainant, and defendants Scruggs & Echols appeal. Reversed.

This suit was brought in the court below by the appellee, a Missouri corporation, against the appellants, citizens of Alabama, and three fire insurance companies.

The following is a brief statement of the facts alleged in the bill:

The appellee, American Central Insurance Company of St. Louis, issued its policy of insurance to appellants, Scruggs & Echols, in the sum of $2,500, covering a building as therein described. Three other companies, which are made defendants, issued separate policies to Scruggs & Echols covering the same building. It was provided in each of these four policies that "no company shall be liable under its policy for a greater proportion of any loss on the described property, or for the loss by and expense of removal from premises endangered by fire, than the amount insured by such policy shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property." Each of said policies also provided: "This entire policy shall be void if the interest of the insured in the property be not truly stated herein." and that "this entire policy, unless otherwise provided by the agreement indorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership," or "if the subject of insurance be a building on ground not owned by the insured in fee simple."

While the policies were in effect, a fire occurred, by which the building, the subject of insurance, was partially destroyed; the total amount of damage thereto being less than the aggregate amount of insurance stated in said four policies. The interest of the insured in the property was not in said policies truly stated. The interest of the insured in the property, the subject of insurance, was other than unconditional and sole ownership. The building, the subject of insurance, was on ground not owned by the insured in fee simple.

The insured brought suits on each of said policies in the circuit court of Morgan county, Ala., claiming in each suit the full amount stated in the policy

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as for a total loss. The suit against the American Central Insurance Company of St. Louis was removed by it to the United States Circuit Court for the Northern District of Alabama. In that court it filed its bill, making the insured and the other insurance companies parties defendant, and praying, among other things, that said Scruggs & Echols be restrained from prosecuting any further the said original suits brought in the state court, or from undertaking to enforce their rights in any court, except in the United States Circuit Court for the Northern District of Alabama, and in that cause, and that they be enjoined from prosecuting the suit at law so removed to the United States Circuit Court, and that its said policy be set aside, and declared to be null and void: but that if said insurance companies, or any of them, should be held to be liable in any amount to said Scruggs & Echols, that the liability be decreed to be one calling for contribution and apportionment upon the part of each company so liable, in the proportion which the insurance it may have upon the property insured bears to the total insurance upon such property, whether valid or not; and that an accounting be had to ascertain the actual value of the property destroyed by fire, and the amount, if any, for which the several insurance companies are liable, and the amount of the insurance upon said property.

On the filing of the bill an order was made restraining the defendants, Scruggs & Echols, from the further prosecution of the suits against the insurance companies, pending the hearing of a rule to show cause why an injunction should not issue. Subsequently a motion to dissolve the temporary restraining order was overruled, and a temporary injunction was granted, enjoining the appellant from the prosecution of the suits on the policies until the further order of the court.

The defendants Scruggs & Echols demurred to the bill, and assigned as grounds of demurrer the following:

"(1) The bill does not state any sufficient cause for equitable cognizance or relief in favor of the plaintiff against this defendant.

"(2) The bill shows that the plaintiff has a plain, adequate and complete remedy at law, in this: It is provided in the policy of insurance issued by the plaintiff to this defendant, that the policy should be void if the interest of the insured in the property be not truly stated, or if the subject of insurance be a building on ground not owned by the insured in fee simple, and it appears from the bill that the interest of the insured was not truly stated in said policy, and that the subject of the insurance was a building that was on ground not owned by the insured in fee simple.

"(3) The bill shows that plaintiff had a plain, adequate, and complete remedy at law.

"(4) The bill shows that the policies of insurance issued by the defendant insurance companies to this defendant, upon which suit has been instituted in the circuit court of Morgan county, Alabama, are void, and that said defendants are under no liability to this defendant in respect thereto, in this: It is provided in each of said policies that the entire policy shall be void if the interest of the insured in the property be not truly stated, and it appears from the bill that the interest of the insured in the property was not in said policies truly stated.

"(5) The bill is inconsistent, in that it denies any liability to this defendant on account of the insurance policies described therein, and seeks an accounting between this defendant and the plaintiff, and between this defendant and defendant insurance companies, and an apportionment of the liability from the plaintiff to the defendant and from the defendant insurance companies to this defendant, between the plaintiff and the defendant insurance companies.

"(6) The bill does not disclose any privity between the plaintiff and the defendant insurance companies, and it affirmatively appears that there is no right of contribution among them."

The court overruled the demurrer. The defendants Scruggs & Echols declining to answer further, final decree was entered making the injunction perpetual as to all the suits on the policies, and annulling and declaring void the policy issued by the complainant.

It is assigned by appellants that the Circuit Court erred in overruling each ground of demurrer, and, with proper specification, that the court erred in the final decree.

176 F.—15

E. W. Godbey and W. W. Callahan, for appellants.

Victor Lamar Smith, Theodore A. Hammond, and Richard W. Walker, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge (after stating the facts as above). The policy issued by the complainant, and each policy issued by the three insurance companies which are made defendants, contain this clause:

"This company shall not be liable under this policy for a greater proportion of any loss on the described property or for loss by and expense of removal from premises endangered by fire than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property."

It is alleged in the bill "that by virtue of said contracts of insurance each insurer is interested in the liability of the other." And it is urged in argument here that "this clause makes the contracts interdependent." Whether the contracts are interdependent, or separate and independent, is an important, if not the controlling, question presented. By the terms of the clause quoted, if one of the policies was held to be void, it would in no way affect the liability of the other insurers. The complainant's liability would not be affected if all three of the other policies issued by the defendant insurers should turn out to be void; nor would it be affected by one or all of the three defendant companies becoming insolvent. The policy issued by complainant would be in no way affected by the result of the enjoined suits on the other three policies. Whether the companies won or lost in these suits would not affect the insurer or insured so far as the policy issued by the complainant is concerned.

In Lucas v. Jefferson Insurance Co., 6 Cow. (N. Y.) 635, the policies construed contained this clause:

"In case of any other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy, the insured shall not, in case of loss or damage, be entitled to demand or recover on this policy any greater portion of the loss or damage sustained than the amount insured shall bear to the whole amount insured on the said property."

The court held that, where there are several policies containing this clause, they are all, and each, liable to pay the ratable portion mentioned in the clause, though it happen that some have voluntarily paid more than their share, and that there is no contribution between policies containing this clause.

In Hanover Fire Insurance Co. v. Brown, 77 Md. 64, 73, 25 Atl. 989, 27 Atl. 314, 39 Am. St. Rep. 386, the court was called on to construe a similar clause. The court said:

"In this case the defendant contracts to pay the proportion of the loss which the amount insured by it bears to the whole sum insured on the property in all the policies; and it is stated in the evidence that the other policies had substantially the same stipulation. The contracts are entirely separate and independent of each other."

In Liverpool, London & Globe Ins. Co. v. Verdier, 35 Mich. 395, 398, Cooley, Chief Justice, speaking of a similar clause in a policy, said that the plain purpose was "to protect the company against the necessity of

contesting with the insured any question of the validity or invalidity of other existing policies." Certainly the effect of the clause is to individualize the risks of the several insurers, making their respective liabilities depend, not on the amount of insurance that may be recovered from another, nor on the validity or solvency of another policy, but solely on the aggregate amount of the policies; the amount of the loss being ascertained.

It seems to us to follow logically and clearly that neither policy in any way depends on the other, but, to use the language of the Maryland Supreme Court, that "the contracts are entirely separate and independent of each other."

It is true that the amount of the loss must be ascertained before the extent of complainant's liability is fixed. That being ascertained, no other factor is needed on which to base a judgment, except the aggregate amount of insurance shown by the several policies. It is urged that, in the four actions on the separate policies, the several juries trying the different cases might find different verdicts as to the value of the property lost by the fire, and that this fact affords ground for equitable interference. That contention must be looked at from the position of the complainant.

If the policy issued by the complainant was the only one involved, no one would claim that it had the right to go into chancery to have the lost property valued. All would agree that, as between the complainant and Scruggs & Echols, a jury could value it in the suit at law on the policy. Do the actions at law on the other policies against other companies make it different? Certainly not, if the appellee cannot be in any way affected by the suits on the other policies.

The appellee is sued at law on a policy for $2,500; the other defendant companies being sued at law on other policies for different and smaller sums. If the juries trying the cases against the other insurers should place too high a value on the property lost, it would in no way affect the liability of the complainant on the policy which it issued; nor would it be affected if the value was fixed at too small a sum. The complainant has no interest whatever in the question of the value fixed in the suits against the other insurers. The verdict and judgment in the other suits will have no effect on the suit at law against the complainant. The complainant is only concerned about the amount of the other policies, whether valid or not, and in the value of the property destroyed by the fire as it may be fixed by the verdict in the suit on the policy it issued, and on that issue it can present evidence and be fully heard in the suit at law. As it has no interest in the other suits pending in the state court, we see no reason why the Circuit Court should perpetually enjoin the prosecution of those suits at the instance of the complainant.

The fact that juries in the different suits may value the property destroyed at different sums is immaterial to the complainant. The clause was not intended to prevent this possibility. Such variations as to estimated value are to be expected, for the administration of the law cannot be made perfect. The fact that such variations may occur does not seem to us a ground of equity jurisdiction at the instance of a party not affected by it. The complainant is only interested pecuniarily in the

value that may be placed on the property by the jury in the suit against it. That value is as apt to be correct and just as the value fixed by a master in chancery.

The very question we are considering here has been recently passed on by the Circuit Court of Appeals for the Eighth Circuit. That court said:

"It is asked that a court of equity take jurisdiction of the case for the purpose of ascertaining this value, for the reason that different juries in actions at law might return different verdicts as to the value of this property, and thus the amount to be paid by one insurance company might be greater or less than that of some other company. If the peculiar and special duty of juries to pass upon property values in matters at law may be taken away and given to a chancellor, merely because different juries may render different verdicts upon like or similar facts, then trial by jury in civil actions no longer exists. The idea of handling these cases through a master in chancery, when the only question at issue is the value of the property destroyed, because there is no adequate remedy at law, shocks the legal mind." Mechanics' Insurance Co. v. C. A. Hoover Distilling Co., 173 Fed. 888, 891.

Our attention is called to the case of Home Insurance Co. v. Virginia-Carolina Chemical Co. (C. C.) 109 Fed. 681. It is true that that case, in some of its features, seems to sustain the contentions of the appellee; but there are expressions in the opinion which indicate that the learned Circuit Court might have construed the bill in that case as one to reform a policy. That case was affirmed by the Circuit Court of Appeals for the Fourth Circuit. 113 Fed. 1, 51 C. C. A. 21. The appellate court seemed to find the chief equity of the bill by viewing it as one to prevent a multiplicity of suits. The court said:

"The main object and purpose of this bill is to prevent a multiplicity of suits, all involving the same legal questions, founded upon similar issues of fact." Id., page 3 of 113 Fed., page 24 of 51 C. C. A.

Without considering that opinion further, it seems to us clear that the bill under consideration in the instant case cannot be sustained as one to prevent a multiplicity of suits. There was only one suit at law pending against the complainant, and it was not threatened with any other. The fact that the insured, Scruggs & Echols, were required to bring several suits—one against each of the insurers—was no reason to authorize the complainant to appeal to equity to prevent a multiplicity of suits. Scottish Union, etc., Ins. Co. v. J. H. Mohlman Co. (C. C.) 73 Fed. 66; Thomas v. Council Bluffs Canning Co., 92 Fed. 422, 34 C. C. A. 428; Turner v. City of Mobile, 135 Ala. 73, 119, 120, 33 South. 132. It does not rest with the complainant to urge as a foundation for its suit that the defendants may thereby be saved a multiplicity of suits. Equitable Life Assurance Society v. Brown, 213 U. S. 25, 51, 29 Sup. Ct. 404, 53 L. Ed. 682.

Our attention is also called to the case of Tisdale v. Insurance Company, 84 Miss. 709, 36 South. 568, where the Supreme Court of Mississippi affirmed the decision of the court below, which had taken jurisdiction in equity on facts somewhat similar to the case at bar. The question was not there given elaborate consideration by that learned court, probably because of a constitutional provision in that state that no decree in chancery shall be reversed on the ground of a want of jurisdiction to render the decree from an error or mistake as to wheth-

er the cause in which it was rendered was of equity or common-law jurisdiction. Const. Miss. 1890, § 147; Hancock v. Dodge, 85 Miss. 228, 233, 37 South. 711. See, also, 1 High on Injunctions (4th Ed.) p. 80, § 63a.

Several other grounds of demurrer to the bill are urged on our attention, but the views we have expressed as to those considered makes it unnecessary to decide others.

The decree of the Circuit Court is reversed, and the cause remanded, with instructions to sustain the demurrer to the bill, and for further proceedings consistent with the opinion of this court.